EARL EVANS et al., Respondents, v. PLANNED PARENTHOOD OF BROOME COUNTY, INC., et al., Defendants, and G. D. SEARLE AND COMPANY, Appellant. — Appeal from an order of the Supreme Court at an Adjourned Special Term, entered April 20, 1973 in Broome County, which denied the motion of defendant G. D. Searle and Company to dismiss the complaint as to it on the ground of lack of in personam jurisdiction. This is an action based on negligence and breach of warranty brought by the plaintiff to recover damages for personal injuries allegedly sustained due to the ingestion of Enovid, an oral contraceptive pill manufactured by the defendant. The defendant moved for an order pursuant to CPLR 3211 (subd. [a], par. 8) dismissing the complaint as to it on the ground of lack of in personam jurisdiction. Plaintiffs oppose the motion

on the jurisdictional basis of New York's "long-arm" statute, CPLR 302 (subd. [a], par. 3) which reads: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent: * * * 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce". Special Term ordered a hearing to determine whether the defendant, a Delaware corporation with its principal place of business in Illinois, either regularly has business contacts within New York or should have foreseen the consequences of its acts in this State and derives substantial revenue from interstate or international commerce. Pursuant to discovery procedures, it was revealed that defendant's New York pharmaceutical sales in 1970–1971 were $4,299,255. Special Term found that defendant engaged in a persistent course of conduct sufficient to justify jurisdiction under CPLR 302 (subd. [a], par. 3, cl. [i]) and denied its motion to dismiss. On this appeal, defendant does not challenge any of the findings by the trial court, but alleges for the first time that plaintiff was required to prove prima facie at the hearing that a tortious act was committed by defendant without the State. We do not agree. In our view, there is no requirement that the plaintiff prove a tortious act without the State (see 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.09). Once the requirements of CPLR 302 (subd. [a], par. 3, cls. [i], [ii]) have been met, the only additional requirement is that the defendant was the author of acts without the State and that the complaint adequately frames a cause of action in tort arising from those acts. Since defendant does not deny that it is the manufacturer of the birth control pills taken by the plaintiff, and plaintiff's complaint properly states causes of action in negligent manufacture and breach of warranty, the proof of negligence or breach of warranty and causation must await the plenary trial. In its major interpretation of CPLR 302, the Court of Appeals made it clear that on a challenge to in personam jurisdiction under CPLR 3211 (subd. [a], par. 8), the court was "concerned solely with the problem of the court's jurisdiction over the person of a nonresident defendant and not with the question of his ultimate liability to a particular plaintiff" (*Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke,* 15 N Y 2d 443, 460). Order affirmed, with costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.