■ Joseph P. Tonelli, as Chairman and on Behalf of the Board of Trustees of the Paper Industry Union—Management Pension Fund, Respondent, v Chase Manhattan Bank, N. A., Defendant, and Totowa Savings and Loan Association, Appellant.—Order, Supreme Court, New York County, entered April 9, 1975, denying defendant's motion to dismiss the complaint, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. The plaintiff sued on behalf of the board of trustees of a pension fund located in New York. The cause of action involved conversion of plaintiff's funds by persons including an officer of the defendant Totowa Savings & Loan Association acting in his official capacity. Totowa is a New Jersey corporation doing business in New Jersey. Totowa moved to dismiss the complaint as to it for lack of in personam jurisdiction. The facts as alleged in the complaint, if proven, would establish a tortious act committed in New Jersey which would reasonably be expected to have consequences in New York. Jurisdiction under CPLR 302 (subd [a], par 3, cl [ii]) is thus spelled out. While plaintiff has not completely satisfied the requirements of CPLR 302 (subd [a], par 3, cl [ii]) to the extent that there is no proof that Totowa "derives substantial revenue from interstate or international commerce", that knowledge is peculiarly under the control of Totowa, and the failure of the plaintiff to come forward with substantial proof at this time should not mean that defendant must prevail on the motion. Subsequent discovery will surely cure this flaw (CPLR 3211, subd [d]). In any event, the fact that the instant transaction involves $200,000 of a New York depositor suffices to show at this time that Totowa may derive substantial revenue from interstate commerce. Concur—Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ. Order filed.