■ BEN SOEP COMPANY, INC., Respondent, v HIGHGATE HALL OF ORANGE COUNTY, INC., et al., Defendants, and INDUSTRIAL INVESTMENT TRUST et al., Appellants.—Order unanimously modified and, as modified, affirmed, with costs to defendants Kosow, in accordance with the following memorandum: In this representative action, plaintiff, Ben Soep Company, sues to recover statutory trust funds (Lien Law, art 3-A). It claims that trust assets consisting of $600,000, advanced by Marine Midland Bank-Rochester (Bank) under a building loan contract to Highgate Hall of Orange County, Inc. (Highgate), were diverted for nontrust purposes to defendant Industrial Investment Trust (IIT), a Massachusetts trust. The complaint alleges that IIT wrongfully converted the funds and that the Bank and Highgate acted as its agents. The individual defendants, the Kosows, are residents of Massachusetts and are alleged to be the trustees of IIT. IIT and the Kosows moved to dismiss the complaint for failure to state a cause of action and for lack of in personam jurisdiction (CPLR 3211, subd [a], pars 7, 8), claiming that the complaint's allegations of agency and the commission of a tort are conclusory and insufficient. Further, they point out that the complaint does not allege any activity by these defendants in the State of New York establishing long-arm jurisdiction. The moving defendants also claim that they are not trustees of IIT which is a partnership composed of certain trusts of which one of the individual defendants is a trustee and lacks any connection with the State of New York; that they have no relationship with the remaining corporate defendants and have no knowledge of the source of the transferred funds; and that IIT's receipt of the funds by wire was its sole contact with the Bank, Highgate and plaintiff. Plaintiff claims that the court has jurisdiction over the moving defendants pursuant to CPLR 302 (subd [a], pars 2, 3). It contends that pretrial discovery is necessary to establish either that an agency relationship exists (par 2) or that the defendants derived substantial revenue from interstate or international commerce (par 3). Special Term found that a cause of action was stated against IIT and that in personam jurisdiction exists under CPLR 302 (subd [a], par 2) based upon the commission of the tort in New York. It denied without prejudice the motion by the individual defendants as premature because discovery was required to disclose their relationship. and financial interest in IIT. "The sufficiency of a pleading to state a cause of action or defense will generally depend upon whether or not there was substantial compliance with [CPLR] 3013" *(Foley v D'Agostino,* 21 AD2d 60, 62; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.36). "The pleading will be deemed to allege whatever may be implied from its statements by reasonable intendment; the pleader is entitled to every favorable inference that might be drawn" (Siegel, New York Practice, § 265). "On the other hand a cause of action cannot be predicated solely on mere conclusory statements [e.g., defendant was 'negligent'] unsupported by factual allegations" *(Taylor v State of New York,* 36 AD2d 878). A cause of action is clearly stated against IIT under article 3-A of the Lien Law. The complaint

alleges that the sum of $600,000 of trust assets was transferred to IIT, that IIT accepted the money with knowledge that it constituted trust assets, and that IIT had no claim arising out of the real property improvement. Despite the affidavits of the individual defendants, which have no evidentiary relevancy on this motion, the question remains whether their liability under the Lien Law may be predicated upon their being trustees of a Massachusetts common-law trust, the transferee of assets allegedly made in violation of the Lien Law. Plaintiff cites no special rule attaching personal liability to this type of trustee and in the absence of an allegation of active participation in the transaction the complaint fails to allege a cause of action against these individual defendants *(Hinkle Iron Co. v Kohn,* 229 NY 179; *AMF, Inc. v Algo Distrs.,* 48 AD2d 352; *Fleck v Perla,* 40 AD2d 1069). The amended complaint contains conclusory allegations of IIT's agency and its diversion of trust assets in an effort to establish a jurisdictional contact in New York State. Plaintiff's answering affidavit, however, provides evidentiary facts which support its allegations of agency and the commission of a tort and demonstrates that facts may exist to establish jurisdiction. Discovery should be permitted on the jurisdictional issue *(Amigo Foods Corp. v Marine Midland Bank-N. Y.,* 39 NY2d 391; *Lederer v Davis,* 63 AD2d 571). Where the plaintiff has "made a sufficient start, and shown [his] position not to be frivolous [he] should have further opportunity to prove other contacts and activities of the defendant in New York as might confer jurisdiction under the long-arm statute, thus enabling [him] to oppose the motion to dismiss" *(Peterson v Spartan Ind.,* 33 NY2d 463, 467). Here, plaintiff has established that on October 6, 1975 the Bank advanced the sum of $600,000 under a building loan contract to Highgate, that the funds were transferred to Highgate's bank checking account on October 7, 1975, and that the bank withdrew $600,000 from Highgate's account and credited it by bank wire to IIT's account in the New England Merchants National Bank of Boston. Plaintiff alleges that this bank transaction occurred on October 7, 1975. IIT admits that sums of money were received by it as payment of a prior indebtedness. We believe that plaintiff has shown that its position is not frivolous. The complaint adequately frames a cause of action in tort *(Evans v Planned Parenthood of Broome County,* 43 AD2d 996, 997) and the proofs before the court establish a basis for long-arm jurisdiction. No more is required at this stage. Plaintiffs are entitled to the opportunity to prove agency and other contacts and activities of IIT as might confer long-arm jurisdiction (CPLR 302, subd [a], pars 2, 3, cl [ii]). Knowledge of the details of the transaction, revenues derived from commerce and other proof related to the issue of jurisdiction are peculiarly under IIT's control and are discoverable by plaintiff (CPLR 3211, subd [d]) to meet its burden of establishing jurisdiction *(Tonelli v Chase Manhattan Bank, N. A.,* 49 AD2d 731). That portion of the order appealed from denying the Kosows' motion as premature is reversed and the motion to dismiss the complaint for failure to state a cause of action is granted. That portion of the order appealed from denying IIT's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 8) is vacated and the matter remitted to Special Term, Monroe County, for further proceedings in accordance with this memorandum. (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present —Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.