**ASSOCIATED TRADE DEVELOP- MENT, INC., d/b/a Transworld Systems, Plaintiff,**

v.

**CONDOR LINES, INC., Defendant.**

**No. 83 Civ. 3703 (JFK).**

United States District Court, S.D. New York.

June 1, 1984.

Michael Rosoff, New York City, for plaintiff.

Boulanger, Finley & Hicks by J. Portis Hicks, New York City, for defendant.

## OPINION

KEENAN, District Judge:

Defendant, Condor Lines, Inc. ("Condor"), moves to dismiss the complaint pursuant to rules 12(b) and 37(b) of the Federal Rules of Civil Procedure, on the grounds that this Court lacks personal jurisdiction over defendant, that service of process was insufficient, and that discovery has not been provided as ordered by this Court. Having carefully considered the affidavits and memoranda of law submitted by the parties, and having heard oral argument on the motion on May 18, 1984, for the reasons set forth below, the motion is granted.

Plaintiff, Associated Trade Development, Inc. ("Transworld"), is a New York corporation engaged in the transportation of goods by ocean-going travel. Condor is a Maryland corporation, also engaged in the transportation of goods by ocean-going travel. Transworld brought this action to recover a balance of $14,841.60, monies allegedly collected for it by Condor which Condor has failed to transfer to plaintiff.

Plaintiff asserts two independent bases upon which this Court may assert personal jurisdiction over the defendant, a foreign corporation. First, plaintiff contends that defendant's activities in New York, through its agent, Meridian Ship Agency, Inc., ("Meridian") constitute "doing busi-

ness" in this state within the meaning of N.Y.CPLR § 301. In the alternative, plaintiff contends that jurisdiction exists over defendant by virtue of the New York "long-arm" statute, N.Y.CPLR § 302(a)(3). Because neither statute is applicable, defendant is not subject to this Court's jurisdiction.

In order to obtain personal jurisdiction over defendant under N.Y.CPLR § 301, plaintiff must show that Condor is "engaged in such a continuous and systematic course of 'doing business' as to warrant a finding of its 'presence' in this jurisdiction." *Frummer v. Hilton Hotels International, Inc.*, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851, 853 (1967). Plaintiff does not contend that Condor personally has engaged in a course of business in New York to subject it to the personal jurisdiction of this Court. Rather, it alleges that Meridian, Condor's parent company, is defendant's agent in New York and that it solicited business on Condor's behalf in New York, including the shipments which underlie this lawsuit. Plaintiff argues that these actions by Condor's "agent" in New York, constitute "doing business" for purposes of N.Y.CPLR § 301.

Condor denies plaintiff's allegations, stating:

The Defendant, Condor, has not at any time maintained an office in New York; it has never sent or maintained officers, agents or employees to or in the State of New York to solicit business or to carry out or perform any business function or transaction; it has never supplied goods or services and it has never executed or delivered any written contracts within the State of New York; it does not own real estate in the State of New York; it does not lease any real or personal property in the State of New York and it does not have a bank account, telephone number or post office box in the State of New York. Neither Condor nor any or its directors, officers, agents, employees or representatives was ever dispatched to or present in the State of New York in the course of transactions which are the subject of the present lawsuit.

Although Meridian is the parent corporation of Condor, Meridian is a separate and distinct corporate entity which serves as a representative for a number of steamship lines. At the times of the transactions which are the subject of the present lawsuit, Condor was only one of five or six separate clients which Meridian represented. Neither Meridian nor any of its directors, officers, agents, employees or representatives has ever been authorized to act on behalf of or in the name of Condor in the State of New York, and on information and belief, has never done so.

(Shotto Affidavit, Paragraphs 4 and 5). It is in this posture that we must decide whether the acts of Meridian on behalf of Condor constitute "doing business" in New York.

■ A foreign corporation may be found to be present in New York through an agent who continuously and systematically solicits business within the state on the foreign corporation's behalf. Mere solicitation, however, is not enough. To subject a foreign corporation to jurisdiction, solicitation by an agent must be in combination with other activities within the state on behalf of the foreign corporation. *Cohen v. Vaughan Bassett Furniture, Co., Inc.*, 495 F.Supp. 849, 851 (S.D.N.Y.1980), citing *Miller v. Surf Properties*, 4 N.Y.2d 475, 480, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958).

■ In support of its contention that Meridian regularly solicited business on Condor's behalf in New York, plaintiff has produced a handwritten memorandum, dated July 13, 1981, prepared by plaintiff and addressed to "Donna at Meridan." The memorandum requests:

(1) that Donna prepare Condor bills of lading for shipments which are the subject of this action because Transworld was out of forms; and,

(2) that Donna furnish plaintiff with additional blank Condor bills of lading.

This memorandum is the only evidence offered by plaintiff of Meridian's representation of Condor. All other documents produced by plaintiff evidence direct dealings between it and Condor in Baltimore. There is no evidence that the memorandum was sent to Meridian in New York. It bears no address and plaintiff has not offered any evidence that a person called "Donna" is employed by Meridian in New York. Accordingly, the memorandum does not establish that Meridian was Condor's agent in New York.

Further, the memorandum does not establish by a preponderance of the evidence that Meridian solicited substantial business on Condor's behalf. It documents plaintiff's belief that Meridian had access to Condor bills of lading, nothing more. Defendant, on the other hand, has produced the affidavit of its president, John R. Shotto, stating expressly that Condor has never sent or maintained an agent to or in New York to solicit or transact business nor has Meridian ever been authorized to act on behalf of or bind Condor. (Shotto Affidavit, Paragraphs 4 and 5).

Finally, mere solicitation by Meridian in New York on Condor's behalf, even if established by a preponderance of the evidence, would not sustain this Court's assertion of jurisdiction over the defendant. As stated above, mere solicitation must be combined with some other activities in New York on behalf of a foreign corporation to establish its jurisdictional presence. Plaintiff has not met its burden in this respect.

Plaintiff also seeks, by characterizing its suit as one for the tort of conversion, to establish jurisdiction over Condor under CPLR § 302(a)(3). That section of the statute provides for jurisdiction where defendant has committed a "tortious act without the state causing injury to person or property within the state," and either "regularly does or solicits business" in the state, or "expects or should reasonably expect the act to have consequences in the state and derives substantial benefit from interstate or international commerce."

■ The threshold question when applying CPLR § 302(a)(3), is whether injury occurred within New York. Defendant claims that plaintiff has not established that it suffered any injury within this state as a direct consequence of plaintiff's actions to support the application of § 302(a)(3). Plaintiff contends that defendant's conversion of funds belonging to plaintiff constitute injury within the state.

■ In support of its position, defendant cites *Chemical Bank v. World Hockey Association*, 403 F.Supp. 1374 (S.D.N.Y.1975). In that case, plaintiff argued that economic injury suffered at its New York headquarters constituted "injury" in New York for purposes of CPLR § 302(a)(3). The Court disagreed and granted defendants' motion to dismiss for lack of personal jurisdiction. In so doing, the Court noted that § 302(a)(3) was designed to apply to physical injuries, not non-physical commercial injuries. *Id.*, at 1379. The Court held that "in connection with the tort of conversion the injury must be deemed to occur in the place where the defendant's acts respecting the property are committed." *Chemical Bank*, 403 F.Supp. at 1380, citing *Friedr. Zoellner, v. Tex Metals*, 396 F.2d 300, 302 (2d Cir.1968). Applying that principle to the instant case, it is apparent that there is no basis for personal jurisdiction over Condor under CPLR § 302(a)(3). If Condor committed any act amounting to a conversion of funds belonging to plaintiff, such act was committed in Maryland where the monies collected were allegedly retained, not in New York. Indirect economic injury in New York cannot, even if proven, sustain jurisdiction. *See Faherty v. Fender*, 572 F.Supp. 142 (S.D.N.Y.1983); *Fantis Foods v. Standard*, 49 N.Y.2d 317, 425 N.Y.S.2d 783, 402 N.E.2d 122 (1980). (Holding N.Y.CPLR § 302(a)(3) to be inapplicable where the only connection between the claimed conversion and injury alleged in New York was the fact that plaintiff was incorporated and maintained offices here).

Plaintiff argues that *Chemical Bank* is inapposite. Instead, plaintiff contends,

once plaintiff has established that the criteria of either subdivision (i) or (ii) of CPLR § 302(a)(3) has been met, the only other requirement is that the defendant is the author of the acts without the state. (Rosoff Affidavit ¶ 20). In support of its position, plaintiff relies on *Evans v. Planned Parenthood*, 43 A.D.2d 996, 352 N.Y.S.2d 257 (3d Dept.1974). The *Evans* case, however, is inapplicable to this situation. In *Evans*, plaintiff, a New York resident, brought a personal injury action against the nondomiciliary manufacturer of a contraceptive pill. The Court held that proof of tortious acts outside the state is not a prerequisite to jurisdiction so long as the complaint frames a cause of action in tort and the defendant was the author of the allegedly tortious acts. There was no question in *Evans* whether injury occurred in New York. In applying CPLR § 302(a)(3) for the assertion of jurisdiction over a non-domiciliary, "a court should never lose sight of the most essential condition, viz., there must be an injury in New York." McKinney's Practice Commentary C302:20.

In sum, none of the subsections of the N.Y.CPLR which Transworld has invoked support the assertion by this Court of *in personam* jurisdiction over Condor. The Court, therefore, has no occasion to consider whether service of process was adequate or discovery properly provided. The complaint is hereby dismissed, without prejudice to plaintiff's right to bring this suit in an appropriate forum.

SO ORDERED.