**INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, Plaintiff,**

v.

**CENTAUR INSURANCE COMPANY, Borg-Warner Insurance Services, and Atlantic and Gulf Insurance Agency, Defendants.**

No. 84 Civ. 0518 (JFK).

United States District Court, S.D. New York.

Aug. 22, 1984.

Kroll, Pomerantz & Cameron by Roy E. Pomerantz, New York City, for plaintiff.

Cabell, Kennedy & French by John M. Nonna, New York City, for defendants.

## MEMORANDUM OPINION

KEENAN, District Judge:

Plaintiff, Insurance Company of the State of Pennsylvania, is a Pennsylvania corporation with its principal place of business in New York City. Defendant Atlantic and Gulf Insurance Agency ("A & G"), is a currently inactive Florida corporation which had its principal place of business in Florida. It was in the insurance brokerage business.

In this action, plaintiff seeks to recover $2,061,489.78 from A & G allegedly owed to it by A & G for breach of an alleged agreement between plaintiff and A & G, for negligence in procuring and maintaining an alleged reinsurance agreement between plaintiff and defendant Centaur Insurance Company ("Centaur"), for breach of warranty of authority to enter into the alleged reinsurance agreement on behalf of Centaur, for misrepresentation as to its authority, and as consequential damages for conspiring with defendants Centaur and Borg-Warner Insurance Services ("Borg-Warner") to injure plaintiff; and $4,122,-979.56 as punitive damages for conspiring with defendants Centaur and Borg-Warner to injure plaintiff. A & G now moves, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for an order dismissing the claims alleged against it in the complaint for lack of personal jurisdiction.

Sections 301 and 302 of the Civil Practice Law and Rules of the State of New York ("CPLR") provide the bases upon which this Court may exercise personal jurisdiction over defendant A & G, a foreign corporation. Having carefully considered the affidavits and memoranda of law submitted by the parties and having heard oral argument on the motion on June 29, 1984, this Court finds that neither statute is applicable here. Accordingly, A & G is not subject to this Court's jurisdiction and its motion is granted.

In order to obtain personal jurisdiction over defendant under CPLR § 301, plaintiff must show that A & G has "engaged in such a continuous and systematic course of 'doing business' as to warrant a finding of its 'presence' in this jurisdiction." *Frummer v. Hilton Hotels International, Inc.*, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851, 853 (1967). Plaintiff contends that A & G has conducted a "longstanding and continuous business relationship with and on behalf of at least two New York insurance brokerages;" that A & G has substantial business dealings on behalf of Horizon Insurance Company ("Horizon"), a New York corporation dealing overwhelmingly with New York insurance risks; and that A & G entered into an agreement on behalf of Centaur with Ambassador Insurance Company involving corporate insureds located within the borders of the State of New York. Affidavit of Roy E. Pomerantz, ¶¶ 7–10. Further, plaintiff contends that A & G's single biggest producer of business was Sentinel Facilities, a New York company. Supplemental Affidavit of Roy E. Pomerantz, ¶ 10. Plaintiff argues that these allegations warrant a finding that A & G is "doing business" in New York for purposes of CPLR § 301.

In support of its motion to dismiss, A & G states:

Atlantic and Gulf Insurance Agency, Inc., has not previously and does not

currently transact any business within the State of New York.

Atlantic and Gulf Insurance Agency, Inc., has not previously and is not currently authorized or licensed to conduct business in the State of New York.

Atlantic and Gulf Insurance Agency, Inc., does not own, use or possess any real property within the State of New York.

Affidavit of Gerald F. Murray, ¶¶ 5, 6, 7. It is in this posture that the Court must decide whether the acts of A & G constitute "doing business" in New York.

The classic indicia of a jurisdictional presence in New York are: 1) the maintenance of a business office within the state; 2) the physical presence of an agent within the state; or 3) other pragmatic yardsticks. Weinstein, Korn & Miller, *New York Civil Practice* § 301.16 at 3–29 to 3–40 (1983). The mere existence of a business relationship with entities within the forum state is insufficient to establish "presence." Accordingly, plaintiff has not satisfied its burden of establishing A & G's presence in New York for jurisdictional purposes.

CPLR § 302(a), the "long-arm" statute, provides, in relevant part, for jurisdiction over a foreign defendant who "(1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or ... (3) commits a tortious act without the state causing injury to person or property within the state .. if he (i) ... derives substantial revenue from ... services rendered in the state" provided that the cause of action arises from such enumerated act. Plaintiff argues that A & G, through its business dealings on behalf of Horizon and Centaur, and through its New York producers Agency Facilities, Sentinel Facilities, Allied Programs and LMG during 1980, 1981 and 1982, falls within the purview of the long-arm statute.

Plaintiff has not shown that the instant causes of action arise from the alleged transaction of business in New York or contracting to supply services in New York. In fact, defendant notes, and plaintiff does not contest, that the underlying contracts were neither executed nor negotiated in the State of New York. Murray Affidavit, ¶ 8. As § 302(a)(1) requires that the cause of action arise from the enumerated act, it does not provide a basis for this Court's exercise of jurisdiction over A & G. *See Bialek v. Racal-Milgo, Inc.*, 545 F.Supp. 25, 33 (S.D.N.Y.1982).

In applying § 302(a)(3) for the assertion of jurisdiction over a non-domiciliary, "a court should never lose sight of the most essential condition, viz., there must be an injury in New York." McKinney's Practice Commentary C302:20. As this Court stated in *Assoc. Trade v. Condor*, 590 F.Supp. 525 at 528 Civ. 3703, slip op. at 6 (S.D. N.Y. June 1, 1984), § 302(a)(3) was designed to apply to physical injuries, not non-physical commercial injuries. In connection with the torts of negligent procurement of contract and misrepresentation of authority to contract, any injury must be deemed to occur where the acts were committed, not where plaintiff ultimately experienced some financial consequences. If A & G committed any act amounting to negligence or misrepresentation, such act was committed where the reinsurance contracts were negotiated or executed, not in New York. Indirect economic injury in New York by virtue of plaintiff maintaining its principal place of business here cannot, even if proven, sustain jurisdiction. *Id.* Accordingly, there is no showing of tortious injury within New York to support the application of § 302(a)(3).

In sum, none of the subsections of the N.Y.CPLR support the assertion by this Court of *in personam* jurisdiction over A & G. Since not even a prima facie showing of jurisdiction has been made, there is no purpose in further escalating the costs of this lawsuit by granting leave to conduct jurisdictional discovery. Accordingly, the complaint is dismissed only as to defendant Atlantic & Gulf. The remaining parties are directed to proceed with discovery and to appear before this Court for a status con-

ference on September 20, 1984 at 11:00 a.m. in Courtroom 35.

SO ORDERED.