■ OCTAVIO N. RODRIGUEZ, Plaintiff, v METROPOLITAN LIFE INSURANCE COMPANY et al., Defendants. (And Other Actions.) A.K.S. CONTRACTORS, Fourth-Party Plaintiff-Appellant, v CALVERT INSURANCE COMPANY, Fourth-Party Defendant-Respondent. [674 NYS2d 353] —Order and judgment (one paper), Supreme Court, New York County (Stuart Cohen, J.), entered on or about May 23, 1997, inter alia, declaring that fourth-party defendant insurer is not obligated to defend or indemnify fourth-party plaintiff insured in an underlying personal injury action, unanimously affirmed, without costs.

We reject the insured's contention that the prior unappealed order of another Justice, which referred the issue of the timeliness of the insurer's disclaimer to a Special Referee in the context of a perceived factual issue as to when the insured notified the insurer of its claim, established law of the case that the insurer could not assert lack of prejudice in defending against the insured's claim of coverage by reason of estoppel. Certainly, the prior order does not contain a plain statement to that effect, and, in any event, and "[m]ore fundamentally, this court is not bound by prior unappealed orders of the Supreme Court and may thus 'affirm an order which is substantively correct * * * even though by doing so the effect of a prior unappealed order is possibly undermined'" (D'Guardia v Piffath, 180 AD2d 630, 633-634). As noted by the IAS Court, the policy in question is governed by common law, under which prejudice is an essential element of an insured's claim of estoppel based on unreasonable delay in disclaiming coverage (see, Globe Indem. Co. v Franklin Paving Co., 77 AD2d 581, 582), and we see no reason to reject the IAS Court's acceptance of the Special Referee's finding that the insured made no showing of prejudice. We have considered the insured's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.