■ In the Matter of FREDERICK M. LEACH et al., as Executors of FRED M. SIGMAN, Deceased, Respondents, v RODERICK G. W. CHU et al., Constituting the New York State Tax Commission, Appellants.—Kane, J. Appeal from a judgment of the Supreme Court (Klein, J.), entered February 1, 1988 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determi-

nation of the State Tax Commission sustaining personal income tax assessments imposed under Tax Law article 22.

In 1983, the Department of Taxation and Finance issued two notices of deficiency totaling $16,428 to Fred M. Sigman (hereinafter decedent) for the tax years 1979 to 1981. The assessments were challenged and a hearing was held before the State Tax Commission. The issues were (1) whether decedent was a New York resident for the years in question and, if so, (2) whether he was eligible for the resident credit for taxes paid to another jurisdiction on income derived from the other jurisdiction, as provided for by Tax Law § 620 (a). The Tax Commission ruled against decedent on both issues and upheld the assessments. Petitioners, as coexecutors of decedent's estate, then commenced this CPLR article 78 proceeding to review the Tax Commission's determination. Supreme Court found that decedent was not a resident and accordingly annulled the tax assessments. Respondents have appealed.

We reverse. Tax Law § 605 (b) (1) (B) includes as a resident one: "who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than one hundred eighty-three days of the taxable year in this state".[1] The Tax Commission's regulations interpreting this statute define a day for the purpose of calculating the 183-day requirement as "presence within New York State for any part of a calendar day" (20 NYCRR 102.2 [c]). In this case, decedent had worked five days a week in New York City as a stockbroker from approximately 10:00 A.M. to 4:00 P.M. While he was domiciled in Connecticut and usually returned to his home there after the workday, he also maintained a studio apartment in New York City. The apartment was used approximately one night per week except in the summer.[2] On his tax returns, decedent stated that he worked 200, 192 and 192 days in New York for the years 1979, 1980 and 1981, respectively. Petitioners argued and Supreme Court agreed that while the Legislature could enact a statute defining a day to include a fraction of a 24-hour period, here it did not do so and therefore the Tax Commission usurped the

1. At the time of the Tax Commission's decision, Tax Law § 605 (former [a] [2]) was in effect. The statute has since been renumbered as Tax Law § 605 (b) (1) (B) by Laws of 1987 (ch 28, § 8). No change was made in the language; therefore, this decision will cite to the current Tax Law § 605 (b) (1) (B).

2. Petitioners do not dispute that decedent's apartment qualified as a permanent place of abode under Tax Law § 605 (b) (1) (B) (see, Stranahan v New York State Tax Commn., 68 AD2d 250).

Legislature's power by expanding the term day to consist of a period of time less than 24 hours.

However, as we have recently noted, while an agency may not create a rule out of harmony with a statute, the agency's interpretation of a statute " 'will be upheld if not irrational or irresponsible' " *(Matter of Dental Socy. v New York State Tax Commn.,* 148 AD2d 791, 792, quoting *Matter of John P. v Whalen,* 54 NY2d 89, 95). Additionally, the Court of Appeals has noted that: "the Legislature may declare its will, and after fixing a primary standard, endow administrative agencies with the power to fill in the interstices * * * by prescribing rules and regulations consistent with the enabling legislation" *(Matter of Nicholas v Kahn,* 47 NY2d 24, 31). It has been noted that the definition of a day is commonly considered to be that period of time running from midnight to midnight *(see, Schampier v Office of Gen. Servs.,* 73 AD2d 1011, 1012, *affd* 52 NY2d 746). However, a day is also defined to include "any part of [a] period of 24 hours from midnight to midnight" (Black's Law Dictionary 357 [5th ed 1979]), as well as "the hours or the daily recurring period established by usage or law for work" (Webster's Third New International Dictionary 578 [unabridged 1981]). In our view, in this case the Tax Commission properly elaborated on the word "days" in Tax Law § 605 (b) (1) (B) by defining a day as "any part" of a day (20 NYCRR 102.2 [c]), and it cannot be said that its regulation was irrational or unreasonable *(see, Dental Socy. v New York State Tax Commn.,* 110 AD2d 988, 991, *affd* 66 NY2d 939). Furthermore, *Schampier v Office of Gen. Servs. (supra)* does not require a contrary conclusion. The issue there was whether weekends and holidays under a different statute were included within the term day, not whether, as here, a day may include a portion of a 24-hour period. We therefore agree with the Tax Commission's determination that decedent was a resident under Tax Law § 605 (b) (1) (B).

We turn next to the question of whether decedent was entitled to the credit provided to New York residents for taxes paid to other jurisdictions under Tax Law § 620 (a). Supreme Court did not reach this question due to its decision that decedent was not a resident. Tax Law § 620 (a) provides that: "A resident shall be allowed a credit against the tax otherwise due under this article for any income tax imposed for the taxable year by another state * * * upon income both derived therefrom and subject to tax under this article." Here, decedent had not reported on his New York tax returns the income he received from dividends and capital gains from the

sale of certain securities. Normally, a resident of this State is required to pay taxes on such income *(see,* Tax Law § 631 [b] [2]). However, decedent relied on the credit provided by Tax Law § 620 (a) apparently because he had already paid taxes on this income to Connecticut. Nevertheless, the credit of Tax Law § 620 (a) specifically applies to only income not derived in New York. Petitioners do not dispute that the income decedent earned was not derived in Connecticut and offered no proof to controvert the Tax Commission's finding that the income was not derived in Connecticut. Therefore, unless petitioners' remaining arguments are accepted, the credit of Tax Law § 620 (a) on its face does not apply to decedent, given that he was a resident under Tax Law § 605 (b) (1) (B) and since the income was not derived from Connecticut.

Initially, we reject petitioners' argument that the imposition of the tax violates the Privileges and Immunities Clause (US Const, art IV, § 2; 14th Amend). They claim that New York residents are granted a credit against their New York taxes for any income tax paid to other jurisdictions but nonresidents (treated as residents for tax purposes) subject to New York taxes are denied such a credit. However, as noted, for the credit to apply, the income must be derived in the other jurisdiction which is not the case here. That requirement applies equally to those in decedent's position, as well as other New York residents. Decedent was, therefore, not being denied any benefits granted to New York residents *(see, Matter of Weil v Chu,* 120 AD2d 781, 785, *affd* 70 NY2d 783, *appeal dismissed* — US —, 108 S Ct 1069). For the same reasons, the assertion that the tax violates decedent's equal protection rights since he is being treated less favorably than others under similar circumstances *(see,* US Const 14th Amend) is rejected. Decedent is considered a resident and, as such, was treated no less favorably than other residents *(see, Matter of Weil v Chu, supra).* The Tax Commission's decision in this regard should therefore have been confirmed.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.