■ AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v MENDON LEASING CORPORATION et al., Respondents. [660 NYS2d 725] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about November 8, 1995, which denied plaintiff American Transit Insurance Company's motion for summary judgment declaring, inter alia, that it did not have a duty to defend or indemnify defendants Mendon Leasing Corporation and Alonza Wright in the underlying personal injury action, and granted defendant Mendon Leasing Corporation's motion for summary judgment, and order, same court and Justice, entered on or about January 31, 1997, denying plaintiff's motion for renewal, unanimously affirmed, with one bill of costs and disbursements.

It is undisputed that as of October 1989 the policy at issue listed the subject vehicle in a schedule as an insured vehicle. The insurer had in its possession all the information necessary to make a determination as to whether the subject vehicle was listed under the policy or not as early as December 1990. Instead of disclaiming, it actively engaged in settlement negotiations with the plaintiffs' personal injury attorneys between 1990 and 1993. In this three-year period, the insurer conceded coverage and liability, and requested and received medical reports, accident reports and lost wages information. Thereafter, when a summons and complaint was served, American Transit's counsel interposed an answer and represented defendant Mendon for over a year in the litigation. It was not until 1994 that plaintiff disclaimed coverage.

While American Transit now asserts that the vehicle involved in the accident was not a "substitute vehicle" covered under the policy, it disclaimed coverage on the ground that the subject vehicle *was* a "substitute vehicle" as opposed to a specific vehicle in the policy schedule. In any event, since American Transit assumed defendant Mendon's defense for four years, without reserving the right to disclaim coverage, plaintiff is equitably estopped from denying coverage. "Distinguished from waiver, of course, is the intervention of principles of equitable estoppel, in an appropriate case, such as where an insurer, though in fact not obligated to provide coverage, without asserting policy defenses or reserving the privilege to do so, undertakes the defense of the case, in reliance on which the insured suffers the detriment of losing the right to control its own defense. In such circumstances, though coverage as such does not exist, the insurer will not be heard to say so (see *O'Dowd v American Sur. Co. of N. Y.*, 3 NY2d 347; *Gerka v Fidelty & Cas. Co.*, 251 NY 51, 57, *supra*)." (*Schiff Assocs. v Flack*, 51 NY2d 692, 699.) Concur—Milonas, J. P., Rosenberger, Nardelli and Rubin, JJ.