■ AMERICAN TRANSIT INSURANCE COMPANY, Appellant-Respondent, v LOUIS WILFRED et al., Respondents. LOUIS WILFRED et al., Third-Party Plaintiffs-Respondents, v EMPIRE MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent-Appellant. [745 NYS2d 171] —Order and judgment (one paper), Supreme Court, New York County (Louis York, J.), entered November 30, 2001, which, in this declaratory judgment action, declared that both insurers are obligated to defend and indemnify the driver and owner of a taxicab in two underlying actions for personal injuries allegedly sustained in a car accident, and denied plaintiff insurer's motion for a default judgment against plaintiffs in the underlying actions, unanimously modified, on the law and the facts, to grant the motion for a default judgment and to declare plaintiff has no obligation to defend and indemnify plaintiffs in the underlying actions, and otherwise affirmed, without costs.

The automobile accident out of which this action, as well as the underlying personal injury actions, arises occurred on February 28, 1998 at 9:50 P.M. when a taxi owned by defendant McMaroro Transit, Inc., and driven by defendant Louis Wilfred, rear-ended a second vehicle on the Van Wyck Expressway. The driver and passenger in the second vehicle commenced a personal injury action against McMaroro Transit and Wilfred, and the passengers in the taxi commenced a second personal injury action against the same defendants. With regard to this action, third-party defendant Empire Mutual Insurance Company (Empire) had issued an automobile insurance policy to McMaroro, which coverage was "EFFECTIVE FROM MIDNIGHT: 02/28/97 TO MIDNIGHT: 02/28/98." Plaintiff American Transit Insurance Co. (American Transit) had issued a policy to McMaroro that was effective "FROM 02/28/1998 MIDNIGHT 02/28/1999 MIDNIGHT." American Transit and Empire both claim that their policies were not in effect at the time of the accidents, although American Transit defended McMaroro in the underlying personal injury actions for more than two years.

General Construction Law § 19 defines a calendar day as "the time from midnight to midnight." A number of courts, as well as other sources, have noted that the definition of a day is commonly considered to be the 24-hour period running from midnight to midnight (*see, Matter of Leach v Chu*, 150 AD2d 842, *lv dismissed* 74 NY2d 839; *Schampier v Office of Gen. Servs. of State of N.Y.*, 73 AD2d 1011, *affd* 52 NY2d 746; *Fisk Discount Corp. v Brooklyn Taxicab Trans. Co.*, 270 App Div 491; Black's Law Dictionary 402 [7th ed 1999]; Webster's Third New International Dictionary 578 [1993]; 3 New Encyclopedia Britannica 923 [15th ed 1998]). Indeed, in The New York Public Library Science Desk Reference, it is noted that "[t]oday, there are two systems of counting time: the 12-hour system used extensively around the world, and the 24-hour system used mainly by the United States military and throughout much of Europe. In this system, midnight can be designated as 2400 hours of that day, or 0000 hours of the following day."

In *Mumuni v Eagle Ins. Co.* (247 AD2d 315, *lv dismissed in part and denied in part* 92 NY2d 940), this Court held that the term "midnight" is ambiguous, that the ambiguity should be construed against the insurance company, and that a policy which was effective " 'from 12/31/88 midnight to 12/31/89 midnight' " covered the insured from 12:01 A.M. on December 31, 1988, when the insured's prior policy lapsed. Here, since the use of the term "midnight" by both insurers is ambiguous, we find, as did the motion court, that the policies overlap and that both must defend and indemnify McMaroro and Wilfred.

We would, in any event, have found that American Transit was obligated to defend and indemnify McMaroro and Wilfred, even though it claims its coverage did not begin until after the accident occurred, because of its representation of the insureds in the two underlying personal injury actions for more than two years before disclaiming coverage, as well as the resulting prejudice to the insureds were plaintiff allowed to withdraw and the defense given over entirely to third-party defendant (*see, American Tr. Ins. Co. v Mendon Leasing Corp.*, 241 AD2d 436).

Plaintiff also seeks a default judgment declaring that it has no obligation to defend and indemnify the nonappearing defendants, i.e., the cab's passengers and the owner and driver of the other vehicle involved in the accident. Given these defendants' defaults, and a complaint demanding a declaration that plaintiff "has no duty to defend and/or indemnify any of the defendants," we modify solely to declare that plaintiff has no obligation to defend and indemnify the plaintiffs in the

underlying actions. Concur—Nardelli, J.P., Mazzarelli, Andrias, Rosenberger and Friedman, JJ.