■ 2130 WILLIAMSBRIDGE CORP., Appellant, v INTERSTATE INDEMNITY COMPANY, Respondent. [866 NYS2d 105]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered July 6, 2007, which granted defendant's motion for summary judgment dismissing the complaint and declaring it had no duty to defend or indemnify plaintiff in an underlying personal injury action, unanimously affirmed, with costs.

A tenant of the residential building owned by plaintiff allegedly tripped and fell in the lobby on December 28, 2004, suffering personal injury. The tenant's attorneys notified plaintiff of the accident by letter dated March 8, 2005. Plaintiff seeks a declaration and adjudication that its insurance carrier was obligated to insure, defend and indemnify it, and reimburse its expenses in the action brought by the tenant.

The affidavit of plaintiff's president stated that he immediately forwarded the letter from the tenant's attorney to plaintiff's insurance broker, and when the summons and complaint were served, he personally delivered them to the broker as well. However, the broker did not forward the letter or the summons and complaint to defendant's agent until October 24, 2005, more than seven months after receiving notification of the accident.

An affirmative defense cited plaintiff's failure to comply with a condition precedent in the policy requiring timely notice to defendant of an occurrence, claim or suit. Plaintiff claimed it was unaware that its notice to the broker was insufficient.

Where a policy of insurance requires that notice of an occurrence be given "as soon as practicable," that means within a reasonable period of time (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]). An insured's failure to comply with this condition precedent vitiates the contract. The

carrier need not show prejudice before disclaimer based on the lack of timely notice. Even relatively short periods of unexcused delay are unreasonable as a matter of law (*see Power Auth. of State of N.Y. v Westinghouse Elec. Corp.*, 117 AD2d 336 [1986]).

The insured bears the burden of establishing reasonableness of the proffered excuse. That the insured in such circumstances was unaware that notice provided to its broker was insufficient is no excuse (*see Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d 460, 462 [2005]). Moreover, the policy contained an "Important Notice" listing a telephone number for reporting claims, and noting that all other correspondence should be sent to the broker. Plaintiff had only to read the policy to determine how to fulfill the condition precedent. Concur—Lippman, P.J., Andrias, Buckley and Renwick, JJ.