# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1335
CA 12-01013
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

PENN MILLERS INSURANCE COMPANY,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                              MEMORANDUM AND ORDER

C.W. COLD STORAGE, INC.,
DEFENDANT-RESPONDENT-APPELLANT,
AND THRUWAY PRODUCE, INC., DEFENDANT-RESPONDENT.

---

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, NEW YORK CITY (ERIC A. FITZGERALD OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

CHAMBERLAIN D'AMANDA OPPENHEIMER & GREENFIELD LLP, ROCHESTER (HENRY R. IPPOLITO OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Orleans County (John A. Michalek, J.), entered January 10, 2012. The order denied the motion of plaintiff for summary judgment and denied the cross motion of defendant C.W. Cold Storage, Inc. for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second "declaring" paragraph and as modified the order is affirmed without costs.

Memorandum: Pursuant to agreements with defendant Thruway Produce, Inc. (Thruway), C.W. Cold Storage, Inc. (defendant) stored apples that Thruway had sold to a subsidiary of nonparty Milnot Holding Corporation for later processing into baby food. Following the discovery of rodenticide in apples that Thruway had allegedly supplied to the subsidiary between January and March 2006, Milnot commenced an action against Thruway in federal court seeking damages for the economic losses that it sustained from the recall of products potentially containing rodenticide that had already been processed and shipped. Thruway, seeking contribution or indemnification, thereafter impleaded defendant and others in September 2008. At the time of the incidents underlying the federal action, defendant was covered by an agribusiness property and commercial general liability insurance policy issued by plaintiff. Upon receiving notice of the claim against defendant, plaintiff reserved its right to disclaim coverage but nevertheless undertook defendant's defense in the third-party action.

In February 2011, plaintiff commenced the instant action seeking a judgment declaring that it has no duty to defend or indemnify

defendant on various grounds, including, as alleged in the first cause of action, defendant's failure to give plaintiff timely notice of a covered occurrence. Plaintiff thereafter moved for summary judgment on its first cause of action; defendant opposed the motion and cross-moved for summary judgment in its favor, i.e., a declaration that, inter alia, it gave timely notice of the occurrence to plaintiff and that plaintiff is estopped from effectively disclaiming coverage by its delay in so notifying defendant. Supreme Court denied both the motion and the cross motion, concluding that plaintiff failed to meet its initial burden of demonstrating the untimeliness of defendant's occurrence notice and that defendant failed to establish, as a matter of law, that it suffered prejudice from plaintiff's four-year delay in formally disclaiming coverage. This appeal and cross appeal ensued. We conclude that while Supreme Court properly denied both the motion and the cross motion, the second "declaring" paragraph in its order was improper and should be vacated.

Initially, and contrary to the court's determination (which itself was erroneously characterized in the order as a "declaration"), we conclude that plaintiff met its initial burden on the motion by establishing that defendant did not provide it with notice of a potential claim until more than four months after the latest rodenticide incident, and that defendant thus failed to comply with the policy condition requiring timely notice of a covered occurrence (see *Lobosco v Best Buy, Inc.*, 80 AD3d 728, 731-732; *233 E. 17th St., LLC v L.G.B. Dev., Inc.*, 78 AD3d 930, 931-932; *see generally Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339). Moreover, defendant neither raised a triable issue of fact with respect to the timeliness of its occurrence notice nor established a reasonable excuse for its failure to provide such timely notice (see *2130 Williamsbridge Corp. v Interstate Indem. Co.*, 55 AD3d 371, 372; *Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 498-499, *lv dismissed* 74 NY2d 651).

Specifically, the mistaken belief of defendant's President that notice to its broker constituted notice to plaintiff does not excuse defendant's failure to comply with the policy's notice condition, nor does it constitute a material issue of fact in relation thereto (see *2130 Williamsbridge Corp.*, 55 AD3d at 372). We therefore modify the order by vacating the second "declaring" paragraph thereof, which provides "that there is an issue of fact whether notice to [plaintiff] . . . of the occurrence was late, and therefore [plaintiff] has not established its entitlement to judgment on that issue."

Nevertheless, we conclude that the motion was properly denied because triable issues of fact remain with respect to the effectiveness of plaintiff's disclaimer of coverage such that it cannot be determined, as a matter of law, whether plaintiff is obligated to defend and indemnify defendant under the policy (see *O'Dowd v American Sur. Co. of N.Y.*, 3 NY2d 347, 355). Where, as here, the underlying claim involves only economic injury, the timeliness, and thus effectiveness, of an insurer's disclaimer is not governed by Insurance Law § 3420 (d) (2) but rather is governed by the common law, "under [which] prejudice must generally be established as the result

of an unreasonable delay in disclaiming before an insurer will be estopped from asserting noncoverage" (*Globe Indem. Co. v Franklin Paving Co.*, 77 AD2d 581, 582; *see William M. Moore Constr. Co. v United States Fid. & Guar. Co.*, 293 NY 119, 123-124).

Here, defendant plausibly contends that it was prejudiced by plaintiff's delay in disclaiming coverage, notice of which was made on the eve of trial in the third-party action and after its defense had been given over to plaintiff (*see generally American Tr. Ins. Co. v Wilfred*, 296 AD2d 360, 361), and plaintiff made no evidentiary showing to rebut that contention or to demonstrate the absence of any material issues of fact with respect thereto (*see Vecchiarelli v Continental Ins. Co.*, 277 AD2d 992, 993; *see generally Vega v Restani Constr. Corp.*, 18 NY3d 499, 503). Although plaintiff's reservation of rights letters allowed it to "preserve[ ] its defense under the policy[ ] until the facts warranting disclaimer became clear" (*Tower Ins. Co. of N.Y. v Khan*, 93 AD3d 618, 619), "[i]t did not permit [plaintiff] to unreasonably delay the exercise of those rights[ ] to the detriment of [defendant]" (*Greater N.Y. Sav. Bank v Travelers Ins. Co.*, 173 AD2d 521, 521).

With respect to the cross motion, although defendant's showing of prejudice from plaintiff's delayed coverage disclaimer was sufficient to require the denial of plaintiff's motion, it was not sufficiently developed to justify summary judgment in defendant's favor declaring that plaintiff's disclaimer of coverage was ineffective as a matter of law (*see Legum v Allstate Ins. Co.*, 33 AD3d 670, 670-671; *Vecchiarelli*, 277 AD2d at 993). We note that the presumption of prejudice that may attach to a late coverage disclaimer is inapplicable here because plaintiff has not "retained control of [defendant]'s defense *to final judgment or to a settlement*" (*William M. Moore Constr. Co.*, 293 NY at 124 [emphasis added; internal quotation marks omitted]). Defendant's cross motion was therefore properly denied as well.

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court