Lahtinen, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.
Petitioners challenge the determination of respondent Tax Appeals Tribunal that, for income tax purposes, they were statutory residents of New York in 2006. The pertinent facts are not disputed. Petitioners have a permanent place of abode in New York as well as in Florida. During 2006, petitioner John Zanetti (hereinafter Zanetti)[1] spent 172 full days outside of New York, 167 full days in New York and parts of 26 days at his New York home — either leaving or arriving via private jet on each of those 26 days. The Administrative Law Judge determined that, as per 20 3STYCRR 105.20 (c), each of the 26 partial days constituted a day in New York under the statute, bringing Zanetti’s total days in New York over 183 and, thus, resulting in petitioners being residents of this state for income tax purposes (see Tax Law § 605 [b] [1] [B]). Respondent Tax Appeals Tribunal affirmed the determination. This proceeding ensued.
The residency classification can have significant consequences since New York residents pay income tax on their worldwide income whereas nonresidents are taxed only on their New York source income (see Tax Law §§ 612, 631; Matter of Tamagni v Tax Appeals Trib. of State of N.Y., 91 NY2d 530, 534-535 [1998], cert denied 525 US 931 [1998]). A nondomiciliary may be considered a New York resident for income tax purposes if he or she maintains a permanent place of abode in *1132 this state and spends in excess of 183 days of the year here (see Tax Law § 605 [b] [1] [B]; Matter of Gaied v New York State Tax Appeals Trib., 22 NY3d 592, 597 [2014]; Matter of El-Tersli v Commissioner of Taxation & Fin., 14 AD3d 808, 810 [2005]). The permanent place of abode element is not at issue here. With regard to days in New York, the pertinent regulation of respondent Commissioner of Taxation and Finance provides that, with certain exceptions not relevant in this proceeding, “presence within New York State for any part of a calendar day constitutes a day spent within New York State” (20 NYCRR 105.20 [c]).
Petitioners contend that “days” under Tax Law § 605 (b) (1) (B) should be interpreted as 24-hour periods from midnight to midnight and that the Commissioner’s regulation is inconsistent with the statute. However, as petitioners’ acknowledge, we were previously presented with this same issue and held over 25 years ago that “the Tax Commission properly elaborated on the word ‘days’ in Tax Law § 605 (b) (1) (B) by defining a day as ‘any part’ of a day (20 NYCRR [former] 102.2 [c]), and it cannot be said that its regulation was irrational or unreasonable” (Matter of Leach v Chu, 150 AD2d 842, 844 [1989], appeal dismissed, lv denied 74 NY2d 839 [1989]). Petitioners’ arguments for departing from this precedent are not persuasive.
The fact that later editions of Black’s Law Dictionary modified part of the definition of “day” quoted in Matter of Leach v Chu (supra) is of little significance since the later editions continue to have several definitions — reflecting that the word “day” does not have a precise uniform definition — and, in any event, the definition closer in time to the enactment would better reflect the understanding of the Legislature (see McKinney’s Cons Laws of NY, Book 1, Statutes § 230). The statute was intended to address perceived tax evasion by individuals with means to attempt to manipulate their residency status (see Matter of Tamagni v Tax Appeals Trib. of State of N.Y., 91 NY2d at 535), and the regulation is consistent with such intent.[2] Although the Court in Matter of Gaied v New York State Tax Appeals Trib. (supra) struck down the Tribunal’s expansive interpretation of a permanent place of abode as lacking a rational basis (id. at 598), it reiterated the underlying statutory purpose (id. at 597). The current regulation, which involves the defini *1133 tion of day, fosters the statutory purpose and is a rational application of the statute. General Construction Law § 19, which defines “calendar day” — a term used in many statutes (see e.g. Agriculture and Markets Law § 88 [6]; Banking Law § 130 [6]), including other sections of the Tax Law (see e.g. Tax Law §§ 9 [b] [2] [A]; 173-a [3] [b] [2]), but not in the relevant provision of the Tax Law (see Tax Law § 605 [b] [1] [B]) — does not compel a different conclusion (cf. Matter of North Syracuse Cent. School Dist. v New York State Div. of Human Rights, 19 NY3d 481, 490 [2012] [General Construction Law does not control where there is an “independent basis, supported by legislative history” for interpretation of a statutory word or phrase]).[3] Moreover, where, as here, there is longstanding precedent involving statutory construction, such precedent is not lightly set aside since, if the Court’s interpretation was incorrect, the Legislature could have thereafter clarified its intent (see e.g. Palladino v CNY Centro, Inc., 23 NY3d 140, 151 [2014]). The remaining arguments have been considered and are unavailing.
Peters, P.J., Rose and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

. Petitioner Janine Zanetti, Zanetti’s wife, filed joint state and federal tax returns with her husband and there is no assertion that her actions are otherwise relevant.

. The interpretation urged by petitioners — 24 hours and midnight to midnight — could ostensibly be manipulated by a person arriving shortly after midnight one day and then leaving shortly before midnight the next day to have a stay of slightly under 48 hours not count as a single day. This would be at odds with the statutory purpose.

. Although General Construction Law § 19 was not specifically discussed in Leach, the record and briefs from that case reflect that the issue was before Supreme Court and this Court in that case.