■ State Farm Insurance Company, Appellant, v Michael O'Brien, Individually and Doing Business as O'Brien Dry Wall Unlimited, Inc., Respondent, et al., Defendants. [661

NYS2d 997] —In an action for a judgment declaring, *inter alia*, that the plaintiff is not obligated to defend and indemnify the defendant Michael O'Brien and his corporation in an action entitled *Long Island Resource Corp. v Michael O'Brien d/b/a O'Brien Drafting and Construction and Anna Marie Vahtzoki,* Index No. 3446/93, pending in the Supreme Court, Nassau County, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated September 27, 1996, which adjudged that it was obligated to defend and indemnify the defendant and his corporation in that action.

Ordered that the judgment is affirmed, with costs.

Although the Supreme Court improperly applied Insurance Law § 3420 (d) to the facts of this case (*see, Brown v State Farm Ins. Co.,* 237 AD2d 476), the delay in disclaiming coverage was excessive, and without any excuse. The plaintiff did not disclaim until discovery was complete and the action appeared on the calendar for trial. The defendant Michael O'Brien claimed that, since the plaintiff controlled the defense of the underlying action, certain counterclaims which O'Brien could have asserted were not asserted, "in reliance upon" the plaintiff's defense. The plaintiff made no effort to refute these assertions of prejudice, nor does it claim on appeal that it is entitled to a hearing on the question of prejudice. Accordingly, the disclaimer is invalid (*see, Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.