■ JAMES VECCHIARELLI, Appellant, v CONTINENTAL INSURANCE COMPANY, Respondent. [716 NYS2d 524] —Order unanimously modified on the .law and as modified affirmed without costs in accordance with the following Memorandum: On December 5, 1992, plaintiff's residence was severely damaged by fire, and defendant insurer disclaimed coverage on October 13, 1993. Plaintiff's cause of action for breach of contract is the only cause of action that survived a prior appeal (*Vecchiarelli v Continental Ins. Co.,* 216 AD2d 909, 910). Plaintiff has now moved for partial summary judgment dismissing affirmative defenses asserted in defendant's answer on the ground that defendant unreasonably and inexcusably delayed in disclaiming coverage. Defendant cross-moved for partial summary judgment dismissing that part of the complaint alleging that defendant's disclaimer was inadequate and/or untimely.

Supreme Court properly denied plaintiff's motion but erred in granting defendant's cross motion. We conclude that there is an issue of fact whether defendant's delay in disclaiming coverage was reasonable. The timeliness of a disclaimer is measured from the date on which the insurer possesses all the facts necessary to invoke an exclusion (*see, Utica Fire Ins. Co. v Spagnolo*, 221 AD2d 921, 922; *see also, 2540 Assocs. v Assicurazioni Generali*, 271 AD2d 282). Plaintiff contends that defendant possessed the necessary facts before July 1993 and thus that the delay of over two months in disclaiming coverage was unreasonable as a matter of law. Defendant contends that it was investigating the applicability of various exclusions, including fraud, arson and false statements made by plaintiff. Defendant also contends that plaintiff was not cooperating with its investigation. In the absence of an explanation for the delay, a delay of over two months is unreasonable as a matter of law (*see, Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029, *rearg denied* 47 NY2d 951; *see also, Nuzzo v Griffin Technology*, 222 AD2d 184, 188, *lv dismissed* 89 NY2d 981, *lv*

*denied* 91 NY2d 802). An insurer's explanation may excuse the delay, however, and the reasonableness of the explanation is generally an issue of fact (*see, Hartford Ins. Co. v County of Nassau, supra*, at 1030; *see also, Wilczak v Ruda & Capozzi,* 203 AD2d 944, 945). Here, defendant has raised an issue of fact whether the delay resulted from "a prompt, diligent and good faith investigation with respect to coverage," rendering summary judgment inappropriate (*Wilczak v Ruda & Capozzi, supra*, at 945). Defendant submitted evidence that it was conducting depositions until October 7, 1993, when it finally received requested documentary evidence from plaintiff's public adjusters. Furthermore, a final recommendation from defendant's Senior Property Adjuster was not made until September 30, 1993.

Assuming, arguendo, that the delay in disclaiming was unreasonable, we conclude that plaintiff also had the burden on its motion of showing that it was prejudiced by the delay and that defendant had the burden on its cross motion of showing that plaintiff was not prejudiced. Where, as here, the underlying claim does not arise out of an accident involving bodily injury or death, the notice of disclaimer provisions set forth in Insurance Law § 3420 (d) are inapplicable and, "[u]nder the common-law rule, delay in giving notice of disclaimer of coverage, even if unreasonable, will not estop the insurer to disclaim unless the insured has suffered prejudice from the delay" (*Fairmont Funding v Utica Mut. Ins. Co.,* 264 AD2d 581, 581-582; *see, Incorporated Vil. of Pleasantville v Calvert Ins. Co.,* 204 AD2d 689, 690). Neither party met its burden (*see, Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62, 67). We therefore modify the order by denying defendant's cross motion. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Balio and Lawton, JJ.