■ IRIS LEGUM, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [821 NYS2d 895]—

In an action, inter alia, to recover under an insurance policy in connection with a claim of damage to the plaintiff's automobile, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated November 18, 2005, as, upon reargument, adhered to its prior determination denying her prior motion for summary judgment on the issue of liability with respect to the second and third causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, "[I]nsurance Law § 3420 (d) is inapplicable to this case since the underlying claim does not involve death or bodily injury" (*Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, 204 AD2d 689, 690 [1994]; *see Fairmont Funding v Utica Mut. Ins. Co.*, 264 AD2d 581 [1999]). Thus, the defendant's delay—even assuming it was unreasonable—will not estop the insurer from disclaiming unless the insured has suffered prejudice by virtue of the insurer's conduct (*see Corcoran v Abbott Sommers, Inc.*, 143 AD2d 874, 876 [1988]; *Fairmont Funding v Utica Mut. Ins. Co., supra* at 581-582).

On this record, we agree with the Supreme Court's determination that the plaintiff failed to make the requisite prima facie showing of prejudice (*see Vecchiarelli v Continental Ins. Co.*, 277 AD2d 992 [2000]; *United States Fid. & Guar. Co. v Weiri*, 265

AD2d 321 [1999]; *Fairmont Funding v Utica Mut. Ins. Co.,* *supra; compare with State Farm Ins. Co. v O'Brien,* 242 AD2d 381 [1997]) and, therefore, was not entitled to judgment as a matter of law (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]).

In light of our determination, we do not reach the parties' remaining contentions. Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.