[15 NE3d 1194, 992 NYS2d 185]

KeySpan Gas East Corporation, Respondent, v Munich Reinsurance America, Inc., et al., Appellants.

Argued May 6, 2014; decided June 10, 2014

**POINTS OF COUNSEL**

*O'Melveny & Myers LLP* (*Jonathan D. Hacker* of the District of Columbia bar, admitted pro hac vice, of counsel), *Siegal & Park*, Mount Laurel, New Jersey (*Lawrence A. Nathanson* of counsel), *Boutin & Altieri, P.L.L.C.*, Carmel (*John L. Altieri, Jr.*, of counsel), *White and Williams LLP*, New York City (*Robert F. Walsh* of counsel), *Landman Corsi Ballaine & Ford P.C.* (*Michael L. Gioia* of counsel) and *Bates Carey Nicolaides LLP*, Chicago, Illinois (*Robert J. Bates, Jr.*, of counsel), for appellants.

I. Common-law waiver and estoppel principles have long provided the appropriate limits on an insurer's right to disclaim coverage. (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436; *Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332; *Commercial Union Ins. Co. v International Flavors & Fragrances, Inc.*, 822 F2d 267; *Albert J. Schiff Assoc. v Flack*, 51 NY2d 692; *S. & E. Motor Hire Corp. v New York Indem. Co.*, 255 NY 69; *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966; *Sirignano v Chicago Ins. Co.*, 192 F Supp 2d 199; *Kiernan v Dutchess County Mut. Ins. Co.*, 150 NY 190; *Titus v Glens Falls Ins. Co.*, 81 NY 410; *Gibson Elec. Co. v Liverpool & London & Globe Ins. Co.*, 159 NY 418.) II. The special time limit standard of Insurance Law § 3420 (d) should not be applied outside its legislatively intended context of accidental death and bodily injury claims. (*Preserver Ins. Co. v Ryba*, 10 NY3d 635; *B & F Bldg. Corp. v Liebig*, 76 NY2d 689; *Arbegast v Board of Educ. of S. New Berlin Cent. School*, 65 NY2d 161; *Hammelburger v Foursome Inn Corp.*, 54 NY2d 580; *Transit Commn. v Long Is. R.R. Co.*, 253 NY 345; *Orinoco Realty Co. v Bandler*, 233 NY 24; *Eaton v New York City Conciliation & Appeals Bd.*, 56 NY2d 340; *Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184; *Gager v White*, 53 NY2d 475; *Chevron Oil Co. v Huson*, 404 US 97.) III. Under common-law rules, the insurers are entitled to judgment as a matter of law on their late notice defense. (*Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184; *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966; *O'Dowd v American Sur. Co. of N.Y.*, 3 NY2d 347; *Lugo v AIG Life Ins. Co.*, 852 F Supp 187.)

*Covington & Burling LLP*, Washington, D.C. (*Jay T. Smith* and *William F. Greaney* of counsel), *Covington & Burling LLP*, New York City (*Mark P. Gimbel* of counsel), for respondent. I. Whether the insurers waived a late-notice defense is a question of fact that must be resolved by a jury. (*Alsens Am. Portland Cement Works v Degnon Contr. Co.*, 222 NY 34; *General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.*, 85 NY2d 232; *Albert J. Schiff Assoc. v Flack*, 51 NY2d 692; *Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395; *Gibson Elec. Co. v Liverpool & London & Globe Ins. Co.*, 159 NY 418; *Palma v National Fire Ins. Co. of Hartford*, 240 App Div 454; *People ex rel. McLaughlin v Board of Police Commrs. of City of Yonkers*, 174 NY 450; *Readco, Inc. v Marine Midland Bank*, 81 F3d 295; *Allstate Ins. Co. v Gross*, 27 NY2d 263.) II. Although a duty to act is not a precondition to finding waiver, a jury may consider the insurers' duty to provide prompt coverage decisions in

evaluating their inaction. (*State of New York v AMRO Realty Corp.*, 936 F2d 1420; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64; *General Acc. Ins. Group v Cirucci*, 46 NY2d 862; *Matter of Firemen's Fund Ins. Co. of Newark v Hopkins*, 88 NY2d 836; *Estee Lauder Inc. v OneBeacon Ins. Group, LLC*, 62 AD3d 33; *151 E. 26th St. Assoc. v QBE Ins. Co.*, 33 AD3d 452; *Hotel des Artistes, Inc. v General Acc. Ins. Co. of Am.*, 9 AD3d 181; *Malca Amit N.Y. v Excess Ins. Co.*, 258 AD2d 282; *Ashland Window & Housecleaning Co., Inc. v Metropolitan Cas. Ins. Co. of N.Y.*, 269 App Div 31; *Brassil v Maryland Cas. Co.*, 210 NY 235.)

*Proskauer Rose LLP*, New York City (*John E. Failla* and *Matthew J. Morris* of counsel), for Environmental Energy Alliance of New York, LLC, amicus curiae. I. Under New York law, an insurer may waive enforcement of policy conditions by knowingly failing to perform legal duties or act consistently with industry norms, including by failing to disclaim coverage promptly upon learning of a basis to disclaim. (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395; *S. & E. Motor Hire Corp. v New York Indem. Co.*, 255 NY 69; *Skinner v Norman*, 165 NY 565; *Kiernan v Dutchess County Mut. Ins. Co.*, 150 NY 190; *151 E. 26th St. Assoc. v QBE Ins. Co.*, 33 AD3d 452; *Malca Amit N.Y. v Excess Ins. Co.*, 258 AD2d 282; *Amrep Corp. v American Home Assur. Co.*, 81 AD3d 325; *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187; *Isadore Rosen & Sons v Security Mut. Ins. Co. of N.Y.*, 31 NY2d 342.) II. Applying common-law waiver where warranted will curb unreasonable claim handling practices. (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332; *American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433; *Burt Rigid Box, Inc. v Travelers Prop. Cas. Corp.*, 302 F3d 83; *Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96; *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187.)

*Melito & Adolfsen PC*, New York City (*S. Dwight Stephens* of counsel), and *Wiley Rein LLP*, Washington, D.C. (*Laura A. Foggan* and *Jennifer A. Williams* of counsel), for Complex Insurance Claims Litigation Association, amicus curiae. I. The Appellate Division incorrectly overrode New York common law to impose the standards of Insurance Law § 3420 (d) even where that provision plainly is inapplicable. (*Matter of Firemen's Fund Ins. Co. of Newark v Hopkins*, 88 NY2d 836; *Estee Lauder Inc. v*

*OneBeacon Ins. Group, LLC*, 62 AD3d 33; *Fairmont Funding v Utica Mut. Ins. Co.*, 264 AD2d 581; *Travelers Indem. Co. v Orange & Rockland Utils., Inc.*, 73 AD3d 576; *United States Fid. & Guar. Co. v Weiri*, 265 AD2d 321; *United States Underwriters Ins. Co. v Landau*, 679 F Supp 2d 330; *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966; *Precision Auto Accessories, Inc. v Utica First Ins. Co.*, 52 AD3d 1198; *Only Natural, Inc. v Realm Natl. Ins. Co.*, 37 AD3d 436; *Vecchiarelli v Continental Ins. Co.*, 277 AD2d 992.) II. The common-law principles of waiver and estoppel are appropriate to govern an insurer's right to deny coverage on late notice grounds. (*Matter of Covert*, 97 NY2d 68; *Albert J. Schiff Assoc. v Flack*, 51 NY2d 692; *AXA Global Risks U.S. Ins. Co. v Sweet Assoc.*, 302 AD2d 844; *Mooney v City of New York*, 219 F3d 123; *Kiernan v Dutchess County Mut. Ins. Co.*, 150 NY 190; *Burt Rigid Box, Inc. v Travelers Prop. Cas. Corp.*, 302 F3d 83; *Estee Lauder Inc. v OneBeacon Ins. Group, LLC*, 62 AD3d 33; *Hotel des Artistes, Inc. v General Acc. Ins. Co. of Am.*, 9 AD3d 181; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *New York Cent. Mut. Fire Ins. Co. v Hildreth*, 40 AD3d 602.)

## OPINION OF THE COURT

Abdus-Salaam, J.

In this insurance coverage dispute, plaintiff-respondent Key-Span Gas East Corporation seeks a declaration that defendants-appellants Munich Reinsurance America, Inc., Century Indemnity Company, and Northern Assurance Company of America have a duty to defend and indemnify KeySpan for liabilities associated with the investigation and remediation of environmental damage at manufactured gas plant (MGP) sites formerly owned or operated by plaintiff Long Island Lighting Company (LILCO). Defendants issued excess insurance policies to LILCO that required, as a threshold condition for coverage, LILCO to provide prompt notice of any occurrence that potentially implicated defendants' duty of indemnification.

In October and November 1994, LILCO notified defendants by letter about "environmental concern[s]" at retired MGP sites in Bay Shore and Hempstead, the only sites relevant to this appeal. LILCO stated that, although no regulatory agencies had commenced a lawsuit or formal investigation, LILCO expected agency action would be "forthcoming" and that the extent of its potential liability "if any" could not yet be determined. LILCO also notified defendants that a neighboring property owner had brought a property damage claim against the company for environmental contamination allegedly caused

by the Bay Shore MGP. LILCO asked defendants to "acknowledge [their] duty to indemnify [LILCO] for any damages that it may incur within [the] policy limits."

Over the following year, defendants sent letters to LILCO in which they generally reserved all rights and coverage defenses, including the defense of late notice. Defendants also requested additional information about the MGPs and, noting that LILCO was self-insured at the primary level, sought documentation indicating that LILCO's coverage under the excess policies had been reached.

Between February 1995 and January 1996, LILCO provided supplemental disclosures to defendants about, among other things, LILCO's investigation of environmental damage at the MGP sites and its dealings with various regulatory agencies over the past 15 years. LILCO also notified defendants when, in August 1995, the New York State Department of Environmental Conservation (DEC) served a formal demand requesting that LILCO conduct site investigations and, if necessary, remediate the Bay Shore and Hempstead MGP sites.[1] Defendants did not respond to these disclosures.

LILCO thereafter commenced this declaratory judgment action in September 1997. In their answers, defendants asserted late notice as an affirmative defense warranting denial of coverage. Defendants later moved for summary judgment based on late notice. After protracted procedural history not relevant to this appeal, Supreme Court granted summary judgment on the Bay Shore site and entered a declaration that defendants have no duty to defend or indemnify LILCO regarding those environmental damage claims, but denied summary judgment on the Hempstead site and five other MGP sites (see Long Is. Lighting Co. v Allianz Underwriters Ins. Co., 2012 NY Slip Op 30258[U] [Sup Ct, NY County 2012]). The court held that, with the exception of the Bay Shore site, the reasonableness of LILCO's delay in notifying defendants of environmental occurrences at its MGP sites presented a question of fact for the jury (see id.). The court also rejected LILCO's claim that defendants waived their late-notice defense by failing to disclaim coverage prior to interposing their answers (see id.). Defendants appealed from the Supreme Court order only to the extent it denied summary judgment as to the Hempstead site. KeySpan, having been

---

1. LILCO eventually entered into an administrative consent order with the DEC, and no regulatory agencies commenced an enforcement action.

assigned the right to pursue LILCO's claims and added as a new party plaintiff, cross-appealed from the order to the extent it granted summary judgment as to the Bay Shore site.

The Appellate Division modified the Supreme Court order by denying summary judgment on the Bay Shore site and vacating the declaration, and otherwise affirmed (*see Long Is. Light. Co. v Allianz Underwriters Ins. Co.*, 104 AD3d 581 [1st Dept 2013]). The court held that LILCO failed, as a matter of law, to provide timely notice under the policies of environmental contamination at both the Bay Shore and Hempstead MGP sites (*see id.*). The court nevertheless declined to award summary judgment to defendants "because issues of fact remain as to whether defendants waived their right to disclaim coverage based on late notice" by "fail[ing] to timely issue a disclaimer" (*id.*). Although defendants specifically reserved their rights to assert a late-notice defense, the court determined that a jury should consider whether, based on the supplemental information provided by LILCO, defendants "possessed sufficient knowledge to require that they meet the obligation to issue a written notice of disclaimer on the ground of late notice as soon as reasonably possible after first learning of the accident or of grounds for disclaimer of liability" (*id.* at 581-582). Accordingly, the court held that triable issues of fact exist whether defendants waived their late-notice defense (*id.* at 582). The Appellate Division granted defendants leave to appeal, certifying to us the question of whether its order was properly made (2013 NY Slip Op 80446[U] [2013]).

Defendants argue that the Appellate Division wrongly applied the strict timeliness standard from Insurance Law § 3420 (d) (2) in considering whether defendants waived their right to disclaim coverage of LILCO's environmental damage claims. Although the Appellate Division did not cite section 3420 (d) (2) in its decision, the court essentially recited the statute's disclaimer requirement when it stated that defendants had an "obligation" to disclaim coverage based on late notice "as soon as reasonably possible after first learning of the . . . grounds for disclaimer" (104 AD3d at 582). We agree with defendants that this was error.

Insurance Law § 3420 (d) (2) provides:

> "If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident

occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant."

The legislature enacted section 3420 (d) (2) to "aid injured parties" by encouraging the expeditious resolution of liability claims (*Allstate Ins. Co. v Gross*, 27 NY2d 263, 267 [1970]; *see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68 [2003]). To effect this goal, the statute "establishe[s] an absolute rule that unduly delayed disclaimer of liability or denial of coverage violates the rights of the insured [or] the injured party" (*Allstate*, 27 NY2d at 267, 269). Compared to traditional common-law waiver and estoppel defenses, section 3420 (d) (2) creates a heightened standard for disclaimer that "depends merely on the passage of time rather than on the insurer's manifested intention to release a right as in waiver, or on prejudice to the insured as in estoppel" (*id.* at 269).

By its plain terms, section 3420 (d) (2) applies only in a particular context: insurance cases involving death and bodily injury claims arising out of a New York accident and brought under a New York liability policy (*see Preserver Ins. Co. v Ryba*, 10 NY3d 635, 642 [2008] ["Insurance Law § 3420 (d) requires timely disclaimer only for denials of coverage 'for death or bodily injury' "]; *see also Jetco*, 1 NY3d at 70; *Matter of Firemen's Fund Ins. Co. of Newark v Hopkins*, 88 NY2d 836, 837 [1996]). "Where, as here, the underlying claim does not arise out of an accident involving bodily injury or death, the notice of disclaimer provisions set forth in Insurance Law § 3420 (d) are inapplicable" (*Vecchiarelli v Continental Ins. Co.*, 277 AD2d 992, 993 [4th Dept 2000]; *see e.g. Ryba*, 10 NY3d at 642 [insurer "not required by Insurance Law § 3420 (d) to make timely disclaimer of coverage" for breach of contract claim]; *Travelers Indem. Co. v Orange & Rockland Utils., Inc.*, 73 AD3d 576, 577 [1st Dept 2010], *lv dismissed* 15 NY3d 834 [2010]; *Topliffe v US Art Co., Inc.*, 40 AD3d 967, 969 [2d Dept 2007]; *Fairmont Funding v Utica Mut. Ins. Co.*, 264 AD2d 581, 581 [1st Dept 1999]).[2] In such cases, the insurer will not be barred from disclaiming coverage "simply as a result of the passage of time," and its

**2.** [2] To the extent *Estee Lauder Inc. v OneBeacon Ins. Group, LLC* (62 AD3d 33 [1st Dept 2009]), cited by the Appellate Division here, and other Appellate Division cases hold that Insurance Law § 3420 (d) (2) applies to claims

delay in giving notice of disclaimer should be considered under common-law waiver and/or estoppel principles (*Travelers*, 73 AD3d at 577; *see Allstate*, 27 NY2d at 269).

Here, the Appellate Division erred when it held that defendants had a duty to disclaim coverage "as soon as reasonably possible" after they learned that LILCO's notice was untimely under the policies. The environmental contamination claims at issue in this case do not fall within the scope of Insurance Law § 3420 (d) (2), which the legislature chose to limit to accidental death and bodily injury claims, and it is not for the courts to extend the statute's prompt disclaimer requirement beyond its intended bounds. Indeed, KeySpan has never relied on section 3420 (d) (2) and instead asserts a common-law waiver defense (*see Allstate*, 27 NY2d at 269). The Appellate Division must determine whether the evidence supporting this defense is sufficient to defeat defendants' motion for summary judgment based on LILCO's failure, as a matter of law, to give timely notice under the policies. Specifically, the Appellate Division must consider if, under common-law principles, triable issues of fact exist whether defendants clearly manifested an intent to abandon their late-notice defense (*see e.g. Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]; *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]; *Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698 [1980]; *Allstate*, 27 NY2d at 269). We therefore remit this matter to the Appellate Division to make these determinations.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, the case remitted to that court for further proceedings in accordance with this opinion, and the certified question answered in the negative.

Judges GRAFFEO, READ, SMITH and PIGOTT concur; Chief Judge LIPPMAN and Judge RIVERA taking no part.

Order, insofar as appealed from, reversed, with costs, case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein, and certified question answered in the negative.

---

not based on death and bodily injury (*see Hotel des Artistes, Inc. v General Acc. Ins. Co. of Am.*, 9 AD3d 181, 193 [1st Dept 2004], *lv dismissed* 4 NY3d 739 [2004]; *Malca Amit N.Y. v Excess Ins. Co.*, 258 AD2d 282, 282 [1st Dept 1999]), those cases were wrongly decided and should not be followed.