■ THE PROVENCAL, LLC, Appellant, v TOWER INSURANCE COMPANY OF NEW YORK et al., Respondents. [30 NYS3d 138]—

In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Rockland County (Berliner, J.), dated October 21, 2014, as, upon a stipulation by the parties to the facts, and a decision of the same court dated September 18, 2014, made after submission of legal arguments by the parties, is in favor of the defendants and against it dismissing so much of the complaint as sought to recover damages for breach of the insurance contract inasmuch as it pertained to a retaining wall.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendants issued a commercial property insurance policy insuring certain premises in Nyack owned by the plaintiff. On June 23, 2011, heavy rains caused water damage to the premises, including the collapse of a retaining wall at the boundary of the premises. The defendants disclaimed coverage for all of the losses. With respect to the retaining wall, they identified an exclusion for certain water events and stated that damage caused by water under the ground surface pressing on, or flowing or seeping through, foundations, walls, floors, or paved surfaces was not covered by the policy.

The plaintiff commenced this action, inter alia, to recover damages for breach of the policy. The parties entered into a stipulation regarding the underlying facts, including that the cause of the retaining wall collapse was the force of runoff water from a neighbor's property, which funneled into a drainage basin adjacent to the retaining wall, creating excessive water pressure against the wall. Upon the parties' stipulation to the material facts in the case, the Supreme Court directed the parties to submit briefs on the legal issue of whether the loss sustained was covered by the policy. In their brief, the defendants argued, among other things, that the damage to the retaining wall was not a covered loss under the policy because it was caused by "flood" and/or "surface water," and the policy expressly stated that the insurer would not pay for loss or damage caused directly or indirectly by such events. In a decision dated September 18, 2014, the Supreme Court, inter alia, agreed with the defendants that the damage to the retaining wall was not covered under the policy because the policy excluded loss caused by flood and/or surface water. A judgment dated October 21, 2014, dismissed the complaint.

On appeal, the plaintiff challenges the Supreme Court's determination that the collapse of the retaining wall was not a loss covered by the policy. With respect to the policy exclusion concerning flood and surface water, the plaintiff does not dispute that the exclusion applies to the facts of this case and therefore would bar coverage for the damage sustained to the retaining wall. Instead, the plaintiff argues that because the defendants did not identify this specific ground in their letter to the plaintiff disclaiming coverage, they are precluded from relying upon it in this action. The plaintiff relies on a body of case law involving liability insurance claims, which fall within the ambit of Insurance Law § 3420 (see Adames v Nationwide Mut. Fire Ins. Co., 55 AD3d 513, 515 [2008]; City of Kingston v Harco Natl. Ins. Co., 46 AD3d 1320 [2007]; Maroney v New York Cent. Mut. Fire Ins. Co., 10 AD3d 778, 779 [2004], affd 5

NY3d 467 [2005]; *Matter of State Farm Mut. Auto. Ins. Co. v Joseph*, 287 AD2d 724 [2001]). Insurance Law § 3420 (d) (2) imposes strict requirements on the insurer to give timely and detailed written notice if the insurer is disclaiming liability or denying coverage for death or bodily injury arising out of an accident (*see* Insurance Law § 3420 [d] [2]; *KeySpan Gas E. Corp. v Munich Reins. Am., Inc.*, 23 NY3d 583, 589 [2014]; *General Acc. Ins. Group v Cirucci*, 46 NY2d 862 [1979]; *Allstate Ins. Co. v Gross*, 27 NY2d 263 [1970]). Where, as here, the underlying insurance claim does not arise out of an accident involving bodily injury or death, Insurance Law § 3420 and its heightened requirements do not apply (*see KeySpan Gas E. Corp. v Munich Reins. Am., Inc.*, 23 NY3d at 590; *Legum v Allstate Ins. Co.*, 33 AD3d 670 [2006]; *Vecchiarelli v Continental Ins. Co.*, 277 AD2d 992, 993 [2000]). Thus, the defendants' failure to specifically identify the flood and surface water exclusions in its disclaimer letter must be considered under common-law waiver and/or estoppel principles (*see KeySpan Gas E. Corp. v Munich Reins. Am., Inc.*, 23 NY3d at 590-591; *Legum v Allstate Ins. Co.*, 33 AD3d at 670; *Vecchiarelli v Continental Ins. Co.*, 277 AD2d at 993).

Waiver, which is a voluntary and intentional relinquishment of a known right, does not apply here because "the failure to disclaim based on an exclusion will not give rise to coverage that does not exist" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 323 [1995]; *see Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698 [1980]). Under the principles of estoppel, an insurer, though in fact not obligated to provide coverage, may be precluded from denying coverage upon proof that the insurer "by its conduct, otherwise lulled [the insured] into sleeping on its rights under the insurance contract" (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]; *see Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 699 [1980]). Estoppel requires proof that the insured has suffered prejudice by virtue of the insurer's conduct (*see Allstate Ins. Co. v Gross*, 27 NY2d 263, 269 [1970]; *Brink v Hanover Fire Ins. Co.*, 80 NY 108, 113 [1880]; *Legum v Allstate Ins. Co.*, 33 AD3d 670 [2006]; *Greater N.Y. Sav. Bank v Travelers Ins. Co.*, 173 AD2d 521, 522 [1991]; *Guberman v William Penn Life Ins. Co. of N.Y.*, 146 AD2d 8, 12 [1989]). Because the plaintiff failed to make the requisite showing of prejudice, there was no basis to estop the defendants from relying on policy exclusions not detailed in their letter disclaiming coverage.

In light of our determination, we need not reach the plaintiff's contention that the Supreme Court erroneously

found that the damage to the retaining wall also fell under the policy exclusion for "collapse." On this appeal, the plaintiff does not dispute that the exclusions for flood or surface water damage would prevent coverage of the loss at issue. Because there was no basis for estopping the defendants from relying on that provision, the Supreme Court properly found that the collapse of the retaining wall was not a covered loss under the policy. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.