*806 OPINION OP THE COURT
Robert M. Berliner, J.
It is ordered that these motions are disposed of as follows:
Plaintiffs initiated this action on April 24, 2015. Plaintiffs allege that defendant breached a homeowner’s insurance policy when it failed to indemnify plaintiffs for the loss sustained from a fire at the property located at “646 Western Highway, Blauvelt, NY 10913” (hereinafter the property). Plaintiffs contend that from 2002 through November 4, 2014, defendant made, renewed and issued to plaintiffs a “Deluxe Plus Homeowners” insurance policy covering the property. On April 7, 2015, defendant denied plaintiffs’ claim for reimbursement of the loss they sustained from a March 5, 2015 fire which occurred at the property. Plaintiffs and defendant now bring dueling summary judgment motions.
Plaintiffs contend that in May of 2011, Mr. Sun advised his Allstate agent that he and his family had moved from New York and were residing in Ohio. At this time, Mr. Sun requested that his automobile policy with Allstate be canceled and that he planned to sell the property or use it as a rental property. Plaintiffs argue that Allstate then changed the Suns’ residence and home address to reflect the move to Ohio. Plaintiffs proffer that this demonstrates that both the Allstate agent and Allstate were aware that they resided in Ohio as of May 2011 and therefore that there had been a change in the title, use and occupancy of the property as of that date. Plaintiffs argue that this change of residency and use was in violation of the Allstate underwriting guidelines because they were no longer using the property as their primary residence. Plaintiffs contend that inasmuch as defendant had knowledge of this ongoing violation, but took no action to update or change the policy to reflect the change in residency and use, defendant has waived any defenses to coverage of plaintiffs’ insurance claim. Plaintiffs argue further that defendant should be estopped from claiming nonresidency at the property as a basis for the denial of coverage for the March 5, 2015 loss because it collected insurance premiums and continued to insure the property as a primary residence on the date of loss.
Defendant opposes plaintiffs’ motion and brings its own summary judgment motion arguing that defendant disclaimed coverage on two grounds: the definition of “dwelling” in the policy requires that the property must be where the plaintiffs “reside” and the plaintiffs failed to comply with the “Insuring *807 Agreement” which required them to inform Allstate of any change in use and occupancy of the property. Defendant contends that plaintiffs were not residing at the property at the time of the loss because tenants were in fact residing at the property thereby changing the use of the property to a rental property. Defendant argues that the plaintiffs never informed Allstate that they rented out the property. Defendant further argues that if plaintiffs were using the property as a primary or a secondary residence, it would not affect coverage. However, once the plaintiffs began utilizing the property as a rental property, and had tenants residing at the property, this was a clear change in the use and occupancy of the property that Allstate should have been informed of pursuant to the insurance policy. Defendant states in its disclaimer letter that it denied coverage pursuant to the insurance policy because the transformation of the property into a rental property constituted “any substantial change or increase in hazard, if changed or increased by any means within the control or knowledge of an insured person.”
Defendant asserts that the doctrines of waiver and estoppel are inapplicable because there was never an intentional relinquishment of a right by defendant and the plaintiffs did not justifiably rely upon an action by the defendant to plaintiffs’ detriment. Defendant insists that plaintiffs began renting the property in March of 2012 but never informed Allstate or an Allstate agent after that date that they were renting the property.
“As we have stated frequently, the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action.” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [citations omitted].)
“Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a *808 material and triable issue of fact.” (Anyanwu v Johnson, 276 AD2d 572, 572-573 [2d Dept 2000].) Issue finding, not issue determination, is the key to summary judgment. (Krupp v Aetna Life & Cas. Co., 103 AD2d 252 [2d Dept 1984].) In deciding such a motion, the court must view the evidence in the light most favorable to the non-moving party. (See Kutkiewicz v Horton, 83 AD3d 904 [2d Dept 2011].)
“While it is true that policies of insurance are to be construed liberally in favor of the insured and strictly against the insurer, where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement.” (Government Empls. Ins. Co. v Kligler, 42 NY2d 863, 864 [1977].)
“Insurance contracts must be interpreted according to common speech and consistent with the reasonable expectation of the average insured. [B]efore an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation. [A]mbiguities in an insurance policy are to be construed against the insurer” (Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012] [internal quotation marks and citations omitted]).
On page four of the “Deluxe Plus Homeowner’s” policy signed by plaintiffs, under “Insuring Agreement,” the policy states
“[i]n reliance on the information you have given us, Allstate agrees to provide the coverage indicated on the Policy Declarations. In return, you must pay the premium when due and comply with the policy terms and conditions, and inform us of any change in title, use or occupancy of the residence premises.”
The court has reviewed the parties’ submissions and finds that plaintiffs failed to inform Allstate of a change in the use and occupancy of the property. The court has considered the evidence in the light most favorable to the plaintiffs and given a thorough reading of the plain and ordinary meaning of the insurance policy. In so doing, the court finds that plaintiffs’ passing comment with an Allstate agent in May of 2011 that they were thinking about selling or renting out the property is not sufficient to put Allstate on notice or inform it that the *809 plaintiffs had in fact been renting out the property since March of 2012. The court finds it unreasonable to impute knowledge upon defendant from a single comment made before the property had been actually utilized as a rental property. The policy clearly indicates that plaintiffs needed to inform Allstate of any change in title, use or occupancy of the property and plaintiffs failed to do this.
The court finds plaintiffs’ assertion of the doctrines of waiver and estoppel inapplicable in this action. Waiver is the “voluntary and intentional relinquishment of a known right.” (Albert J. Schiff Assoc. v Flack, 51 NY2d 692, 698 [1980].) Here, there is no evidence that defendant voluntarily or intentionally relinquished its right to be informed of any change in title, use or occupancy of the property. Plaintiffs cite cases which tout the proposition that if an insurance company or one of its agents is notified of a fact that would render the policy void, but acts in recognition of the validity of the policy or continues to accept insurance premiums with knowledge of the violation, it has waived any defense from disclaiming liability. However, the key word in all of plaintiffs’ cited cases is knowledge, knowledge of all operating facts. Here, the court finds insufficient evidence that defendant had any knowledge, let alone full knowledge of the fact that tenants were living at the property from March 2012 until the date of loss. Therefore, the case at bar is distinguishable from plaintiffs’ cited cases.
Furthermore,
“[u]nder the principles of estoppel, an insurer, though in fact not obligated to provide coverage, may be precluded from denying coverage upon proof that the insurer by its conduct, otherwise lulled [the insured] into sleeping on its rights under the insurance contract. Estoppel requires proof that the insured has suffered prejudice by virtue of the insurer’s conduct.” (Provencal, LLC v Tower Ins. Co. of N.Y., 138 AD3d 732, 734 [2d Dept 2016] [internal quotation marks and citations omitted].)
Here, defendant never took any action that would have lulled the plaintiffs into sleeping on their rights under the insurance contract. The defendant has at all times denied coverage for the loss and taken no other action that would prejudice plaintiffs. Therefore, the doctrine of estoppel is inapplicable.
The court finds that defendant has established prima facie entitlement to judgment as a matter of law and the absence of material facts. Plaintiffs’ submissions fail to establish the exis *810 tence of material issues of fact requiring determination at trial and fail to establish prima facie entitlement to judgment in their favor as a matter of law. Based upon the foregoing, defendant’s motion for summary judgment pursuant to CPLR 3212 is granted and plaintiffs’ motion for summary judgment pursuant to CPLR 3212 is denied.