*EDF v. County of Suffolk*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand seventeen.

PRESENT:
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

EDF RENEWABLE DEVELOPMENT, INC.,

> *Plaintiff-Appellee,*

v.                                                                No. 16-4309

COUNTY OF SUFFOLK,

> *Defendant-Appellant.*

_____

FOR APPELLANT:                    JOHN R. PETROWSKI, Assistant County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, NY.


FOR APPELLEE:                     HARRIS N. COGAN (Rither Alabre, *on the brief*), Blank Rome LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Shields, *M.J.*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 1, 2016 judgment of the District Court is **AFFIRMED**.

Defendant-Appellant County of Suffolk (the "County") appeals the District Court's entry of judgment, following a bench trial, in favor of Plaintiff-Appellee EDF Renewable Development, Inc. ("EDF"). The court found that the County violated a provision of the parties' contract that required the County to cooperate with EDF's efforts to obtain a permit to build solar carports on a plot of land in Ronkonkoma that EDF leased from the County.[2] Rejecting the County's arguments that EDF was required to comply with a purported notice of breach provision in the contract before suing, and that EDF had not demonstrated that it suffered cognizable damages, the District Court made detailed factual findings about the County's breach based on the testimony of several witnesses involved in the underlying events and other record evidence, and awarded EDF damages of $10,884,225.70. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

Here, having reviewed the court's legal determinations *de novo* and its factual findings for clear error, *see Bessemer Trust Co., N.A. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010), we conclude that the District Court properly found that the County breached its contractual obligations, that EDF was entitled to damages resulting from the breach, and that, in the circumstances presented, EDF's failure to give the County a formal notice of the breach did not preclude it from bringing suit. Moreover, EDF was not required to bring its breach of contract claim in an Article 78 proceeding. *See Abiele Contracting v. NYC Sch. Constr. Auth.*, 91 N.Y.2d 1, 8-9 (1997).

---

[1] This case was assigned to Magistrate Judge Shields for all purposes with the consent of both parties. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] EDF is in fact a successor to enXco, the relevant counterparty to the contract with the County; enXco assigned its contractual claims to EDF.

We therefore affirm for substantially the reasons stated by the court in its thorough and well-reasoned opinion of November 17, 2016.

* * *

We have considered the County's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court