County of Suffolk v Ironshore Indem., Inc. (2020 NY Slip Op 06099)





County of Suffolk v Ironshore Indem., Inc.


2020 NY Slip Op 06099


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-04978
 (Index No. 604661/17)

[*1]County of Suffolk, appellant,
v
Ironshore Indemnity, Inc., et al., respondents, et al., defendant.


Dennis M. Cohen, County Attorney (Ruskin Moscou Faltischek, P.C., Uniondale, NY [E. Christopher Murray], of counsel), for appellant.
Rubin, Fiorella & Friedman LLP, New York, NY (Kenneth S. Fiorella and Rebecca Rose of counsel), for respondent Ironshore Indemnity, Inc.
Carlton Fields Jorden Burt PA, New York, NY (Robert W. DiUbaldo, Rachel J. Schwartz, and Nora A. Valenza-Frost of counsel), for respondent Lexington Insurance Company.
Kelly & Curtis, PLLC, New York, NY (Andrew I. Mandelbaum and Joseph E. Kelly, Jr., of counsel), for defendant Starr Indemnity and Liability Company.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendants Ironshore Indemnity, Inc., and Lexington Insurance Company are obligated to indemnify the plaintiff in an underlying action entitled EDF Renewable Dev., Inc. v County of Suffolk, commenced in the United States District Court for the Eastern District of New York, under docket number CV 13-3361, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 28, 2018. The order, insofar as appealed from, granted the motion of the defendant Ironshore Indemnity, Inc., and the separate motion of the defendant Lexington Insurance Company, in effect, for summary judgment declaring that they are not obligated to indemnify the plaintiff in the underlying action, and denied that branch of the plaintiff's motion which was for summary judgment declaring that those defendants are obligated to indemnify it in the underlying action.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting the motion of the defendant Ironshore Indemnity, Inc., and the separate motion of the defendant Lexington Insurance Company, in effect, for summary judgment declaring that they are not obligated to indemnify the plaintiff in the underlying action, and substituting therefor provisions denying those motions; as so modified, the order is affirmed insofar as appealed from, without costs and disbursements.
In 2008, the Long Island Power Authority (hereinafter LIPA) requested proposals for solar power installations in Long Island. EDF Renewable Development, Inc. (hereinafter EDF), and its subsidiary, Eastern Long Island Solar Project, LLC (hereinafter together with EDF, the EDF companies), were selected as the successful bidder. The EDF companies entered into an agreement [*2]with LIPA to construct the solar installations and entered into lease agreements with the County of Suffolk for various locations, including a site in Ronkonkoma (hereinafter the Ronkonkoma lease). However, the County failed to issue the building permit which was necessary for the EDF companies to complete their obligations under the Ronkonkoma lease, and the project was not completed.
For the 2012 calendar year, the County held a self-insured liability retention of $3 million and purchased excess liability policies from, among others, the defendants Ironshore Indemnity, Inc. (hereinafter Ironshore), and Lexington Insurance Company (hereinafter Lexington). Ironshore provided the first $5 million in excess coverage and Lexington the next $25 million. Lexington's policy "followed form" with the terms and conditions of the Ironshore policy (see Federal Ins. Co. v International Bus. Machs. Corp., 18 NY3d 642, 646).
In December 2012, the County notified Ironshore and Lexington of a "potential claim/zoning" by the EDF companies. In January 2013, Ironshore purported to disclaim coverage of the subject loss on the ground that the anticipated claim sought only non-monetary relief. Lexington also acknowledged the notice in January 2013, but did not issue a disclaimer.
In June 2013, EDF commenced an action against the County in the United States District Court for the Eastern District of New York (hereinafter the Eastern District) seeking damages for, inter alia, breach of contract (hereinafter the subject loss). Counsel for the County forwarded a copy of EDF's federal complaint to Ironshore on June 19, 2013. Ironshore issued a second disclaimer on December 10, 2013, taking the position, inter alia, that the subject loss did not fall within the scope of its policy and/or fell within its exclusion for contract claims. On November 14, 2014, Lexington disclaimed on the same basis.
In a decision dated November 17, 2016, after a nonjury trial, the Eastern District awarded EDF damages in the total sum of $10,884,225.70 (see EDF Renewable Dev. Inc. v County of Suffolk, 2016 WL 6804939, 2016 US Dist LEXIS 159567 [ED NY, Nov. 17, 2016, No. CV 13-3361], affd 693 Fed Appx 42 [2d Cir]). That determination was affirmed by the United States Court of Appeals for the Second Circuit (see EDF Renewable Dev., Inc. v County of Suffolk, 693 Fed Appx 42).
In March 2017, the County commenced this action against, among others, Ironshore and Lexington, seeking, inter alia, a judgment declaring that Ironshore and Lexington were each liable to it for the subject loss and that their disclaimers of coverage were invalid. Ironshore and Lexington separately moved, in effect, for summary judgment declaring that they are not obligated to indemnify the County in the underlying action, arguing that the County's loss was not covered by Ironshore's policy or Lexington's follow form policy, and/or that coverage was unavailable under Ironshore's contract exclusion. The County moved, inter alia, for summary judgment declaring that Ironshore and Lexington are obligated to indemnify it in the underlying action. In an order dated March 28, 2018, the Supreme Court, among other things, granted the separate motions of Ironshore and Lexington on the ground that Ironshore's policy, and, by extension, Lexington's policy, did not offer coverage for the County's intentional breach of the Ronkonkoma lease. The County appeals.
In general, the insured has the initial burden to establish that an insurance policy covers the subject loss and the carrier has the burden to prove that an exclusion defeats coverage (see Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 218, 220; Fruchthandler v Tri-State Consumer Ins. Co., 171 AD3d 706, 707). Typically, insurance policies require "'fortuity' and thus implicitly exclude coverage for intended or expected harms" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d at 220).
In contrast to policies that offer coverage for accidents and occurrences (see id.; Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 445), Ironshore's policy provides, inter alia, errors and omissions coverage encompassing the County's own "wrongful act[s]," including, among other things, "breach of duty" and "malfeasance." In its decision, the Eastern District determined that, acting "with eyes wide open," the County "failed to . . . comply with its contractual duty," and "made contractual compliance by EDF impossible." These acts [*3]clearly fit within the definitions of "breach of duty" and/or "malfeasance" (see Black's Law Dictionary [11th ed 2019], breach of duty, malfeasance). Accordingly, the Supreme Court should not have determined that the subject loss fell outside the broad scope of the coverage offered by Ironshore's policy and Lexington's follow form policy.
This does not, however, end our inquiry. Ironshore and Lexington both invoked the contract loss exclusion provision of Ironshore's policy, which excluded coverage for "[t]he actual or alleged failure to perform or breach of any contract, agreement or other guarantee or promise." Thus, we must examine whether the exclusion bars coverage and whether Ironshore and Lexington timely disclaimed coverage on that basis.
"[B]efore an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation" (Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 684 [internal quotation marks omitted]; see Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708; Cragg v Allstate Indem. Corp., 17 NY3d 118, 122). Any ambiguity in an exclusionary clause is construed in favor of the insured (see Cragg v Allstate Indem. Corp., 17 NY3d at 122; Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383; Northfield Ins. Co. v Fancy Gen. Constr., Inc., 167 AD3d 916, 918).
Here, the subject loss sounded in contract, and the Eastern District awarded damages on that basis. In addition, there is no ambiguity in the language of Ironshore's policy excluding, inter alia, coverage for "breach of any contract." Accordingly, if Ironshore and Lexington issued timely disclaimers, this exclusion defeats coverage.
Contrary to the County's contention, while Insurance Law § 3420(d)(2) imposes strict requirements on an insurer to give timely written notice if it is disclaiming liability or denying coverage for death or bodily injury arising out of an accident, "[w]here, as here, the underlying insurance claim does not arise out of an accident involving bodily injury or death, Insurance Law § 3420 and its heightened requirements do not apply" (Provencal, LLC v Tower Ins. Co. of N.Y., 138 AD3d 732, 734; see KeySpan Gas E. Corp. v Munich Reins. Am., Inc., 23 NY3d 583, 590). Instead, an insurer's delay in disclaiming coverage "should be considered under common-law waiver and/or estoppel principles" (KeySpan Gas E. Corp. v Munich Reins. Am., Inc., 23 NY3d at 591; see Estee Lauder Inc. v OneBeacon Ins. Group, LLC, 28 NY3d 960, 961; Provencal, LLC v Tower Ins. Co. of N.Y., 138 AD3d at 734).
"'A waiver is the voluntary abandonment or relinquishment of a known right'" (VRA Family L.P. v Salon Mgt USA, LLC, 183 AD3d 614, 615, quoting Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446; see Provencal, LLC v Tower Ins. Co. of N.Y., 138 AD3d at 734). "As the intentional relinquishment of a known right, a waiver 'should not be lightly presumed'" (Kamco Supply Corp. v On the Right Track, LLC, 149 AD3d 275, 280, quoting Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968; see Village of Kiryas Joel v County of Orange, 144 AD3d 895, 898).
In contrast, "estoppel is a bar which precludes a party from denying [that] a certain fact or state of facts exists to the detriment of another party who was entitled to rely on such facts and had acted accordingly" (Matter of Chisholm v Hochman, 109 AD3d 821, 822 [internal quotation marks omitted]). Accordingly, "an insurer, though in fact not obligated to provide coverage, may be precluded from denying coverage upon proof that the insurer 'by its conduct, otherwise lulled [the insured] into sleeping on its rights under the insurance contract'" (Provencal, LLC v Tower Ins. Co. of N.Y., 138 AD3d at 734, quoting Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d at 968; see Albert J. Schiff Assoc. v Flack, 51 NY2d 692, 699). Thus, "[e]stoppel requires proof that the insured has suffered prejudice by virtue of the insurer's conduct" (Provencal, LLC v Tower Ins. Co. of N.Y., 138 AD3d at 734; see North Riv. Ins. Co. v Duro Dyne Natl. Corp., 153 AD3d 844, 847).
Here, the County proffered evidence that it provided a copy of EDF's complaint to Ironshore and Lexington on June 19, 2013, and the carriers did not rebut that showing. Ironshore [*4]did not respond to this notice until December 10, 2013, and Lexington did not respond until November 14, 2014, approximately 6 months and 17 months, respectively, after they were notified of the subject loss. In addition, neither Ironshore nor Lexington proffered evidence demonstrating that they neither waived the contract exclusion nor induced the County to rely, to its detriment, on their failure to invoke that provision. Therefore, neither Ironshore nor Lexington met its prima facie burden of demonstrating that its disclaimer was timely. Accordingly, we disagree with the Supreme Court's determination to grant Ironshore's and Lexington's respective motions, in effect, for summary judgment declaring that they are not obligated to indemnify the County in the underlying action.
We agree, however, with the Supreme Court's determination to deny that branch of the County's motion which was for summary judgment declaring that Ironshore and Lexington are obligated to indemnify it in the underlying action, as it did not establish its prima facie entitlement to judgment as a matter of law on the issues of waiver or estoppel (see Zuckerman v City of New York, 49 NY2d 557; Alvarez v Prospect Hosp., 68 NY2d 320).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court