Certain Underwriters at Lloyd's London v Covert Holdings, LLC (2023 NY Slip Op 03903)

Certain Underwriters at Lloyd's London v Covert Holdings, LLC

2023 NY Slip Op 03903

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-04098
 (Index No. 509684/19)

[*1]Certain Underwriters at Lloyd's London, etc., respondent, 
v
Covert Holdings, LLC, et al., appellants, et al., defendants.

Bongiorno, Montiglio, Mitchell & Palmieri, PLLC, Mineola, NY (William J. Mitchell of counsel), for appellants.
Fleischner Potash, LLP, White Plains, NY (Alexandra E. Rigney of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Covert Holdings, LLC, in an underlying personal injury action entitled Howard v Covert Holding, LLC, commenced in the Supreme Court, Kings County, under Index No. 3576/15, the defendants Covert Holdings, LLC, and DB Insurance, Ltd., appeal from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated May 6, 2020. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and granted that branch of the plaintiff's cross-motion which was for summary judgment declaring that it is not obligated to defend and indemnify the defendant Covert Holdings, LLC, in the underlying action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff is not obligated to defend and indemnify the defendant Covert Holdings, LLC, in the underlying action.
In 2015, Donald Howard allegedly was injured when he fell on the sidewalk in front of premises owned by the defendant Covert Holdings, LLC (hereinafter Covert Holdings). Covert Holdings was insured by the defendant DB Insurance, Ltd. (hereinafter DB Insurance), and a tenant that leased a portion of the premises was insured by the plaintiff. Howard brought an action to recover damages for personal injuries against Covert Holdings and the plaintiff's insured, among others (hereinafter the underlying action).
The plaintiff initially provided a defense to Covert Holdings, but subsequently commenced this action against Covert Holdings and DB Insurance (hereinafter together the defendants), among others, seeking, inter alia, a declaration that it was not obligated to defend and indemnify Covert Holdings in the underlying action. The plaintiff alleged that it was not obligated to defend and indemnify Covert Holdings because the potential liability in the underlying action was not covered by the subject insurance policy. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiff cross-moved, among other things, for summary judgment declaring that it was not obligated to defend and indemnify Covert [*2]Holdings in the underlying personal injury action. The Supreme Court, inter alia, denied the defendants' motion and granted that branch of the plaintiff's cross-motion. The defendants appeal.
Contrary to the defendants' contention, the plaintiff's denial or disclaimer of coverage was not untimely, since a disclaimer is unnecessary where, as here, the claim falls outside of the coverage terms rather than being subject to a policy exclusion (see Hunter Roberts Constr. Group, LLC v Arch Ins. Co., 75 AD3d 404, 407; Perkins v Allstate Ins. Co., 51 AD3d 647, 649).
"'The doctrine of estoppel precludes an insurance company from denying or disclaiming coverage where the proper defending party relied to its detriment on that coverage and was prejudiced by the delay of the insurance company in denying or disclaiming coverage based on the loss of the right to control its own defense'" (Lancer Indem. Co. v Peerless Ins. Co., 208 AD3d 768, 769, quoting Merchants Mut. Ins. Group v Travelers Ins. Co., 24 AD3d 1179, 1182 [alteration omitted]; see Albert J. Schiff Assoc. v Flack, 51 NY2d 692, 699). "Accordingly, an insurer, though in fact not obligated to provide coverage, may be precluded from denying coverage upon proof that the insurer 'by its conduct, otherwise lulled [the insured] into sleeping on its rights under the insurance contract'" (County of Suffolk v Ironshore Indem., Inc., 187 AD3d 1137, 1141, quoting Provencal, LLC v Tower Ins. Co. of N.Y., 138 AD3d 732, 734; see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968). "[P]rejudice is established only where the insurer's control of the defense is such that the character and strategy of the lawsuit can no longer be altered" (Yoda, LLC v National Union Fire Ins. Co. of Pittsburgh, Pa., 88 AD3d 506, 508 [internal quotation marks omitted]; see Federated Dept. Stores, Inc. v Twin City Fire Ins. Co., 28 AD3d 32, 39).
Under the particular circumstances of this case, the plaintiff had no duty to defend and/or indemnify Covert Holdings in the underlying action. Although the plaintiff initially provided a defense to Covert Holdings, in a letter dated November 3, 2016, the plaintiff asserted that it had recently discovered that Howard did not fall on the sidewalk in front of the portion of the premises leased by the plaintiff's insured, and demanded that DB Insurance assume the defense of Covert Holdings in the underlying action. In a letter dated December 20, 2016, the plaintiff specifically reserved its rights to withdraw from its defense of Covert Holdings in the underlying action, deny coverage obligations, and commence a declaratory judgment action, and sufficiently informed the defendants that this reservation of rights was based on the recent discovery that the accident location was not, in fact, on the sidewalk in front of the portion of the premises leased by the plaintiff's insured (see Blue Ridge Ins. Co. v Jiminez, 7 AD3d 652). Therefore, it cannot be said that the plaintiff, by its conduct, lulled Covert Holdings into sleeping on its rights. "Estoppel requires proof that the insured has suffered prejudice by virtue of the insurer's conduct" (Provencal, LLC v Tower Ins. Co. of N. Y., 138 AD3d at 734; see Allstate Ins. Co. v Gross, 27 NY2d 263, 269). Accordingly, the Supreme Court properly denied the defendants' motion to dismiss the complaint insofar as asserted against them and granted that branch of the plaintiff's cross-motion which was for summary judgment declaring that it was not obligated to defend and indemnify Covert Holdings in the underlying personal injury action.
The defendants' remaining contentions are either improperly raised for the first time on appeal or without merit. Finally, the plaintiff's request for affirmative relief is not properly before us, as it did not cross-appeal from the Supreme Court's order (see Dhar v City of New York, 204 AD3d 976).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff is not obligated to defend and indemnify Covert Holdings in the underlying action (see Lanza v Wagner, 11 NY2d 317).
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court